**Eulys Sigrid THOMPSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9339.**

United States Court of Appeals
Tenth Circuit.

Aug. 28, 1967.

Rehearing Denied Oct. 10, 1967.

H. A. Leatherman, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

SETH, Circuit Judge.

Appellant was charged by indictment with concealing and possessing counterfeit currency, and transferring and delivering counterfeit currency. 18 U.S. C.A. §§ 472, 473. He entered a plea of not guilty, was tried by a jury, and found guilty.

On this appeal the appellant urges a number of assigned errors. His brief states that no particular one of the errors is sufficient in itself, but when all are considered together it will be apparent that he did not have a fair trial.

In particular, appellant argues that the trial court should have permitted him access to the transcript of the grand jury proceedings, and provided him with a list of the witnesses who appeared before the grand jury so that he could show there were not reasonable grounds " * * * for return of the true bill," and to show bias of a grand jury witness, Luther Weatherford. He also assigns as error the failure of the trial court to grant a continuance of the trial by reason of the absence of a witness, and the Government's failure to call as a witness at trial a person used in the investigation. Appellant also urges that it is shown that he did not receive a

fair trial because his sentence was much greater than the sentence received by another person not charged with him. Appellant's final point is that he was denied due process of law and equal protection of the law because he did not receive a copy of his presentence report.

The testimony in the record shows that appellant delivered to undercover agents of the Secret Service some $150,000.00 in face amount of counterfeit currency. The introduction of the agent to the appellant was arranged through an informer who was also present when the delivery was made. The informer did not testify, and the agents called as witnesses testified that the informer acted in such a capacity as an "assistant," but was not a Government employee. There is no testimony of any payment to the informer for his services. The informer had been arrested in Texarkana for passing counterfeit money, and was later sentenced.

We find no merit in appellant's contention that he was denied a fair trial because he was not furnished a transcript of the grand jury proceedings. No transcript or minutes were taken of the grand jury proceedings. The case is thus similar to Campbell v. United States, 368 F.2d 521 (10th Cir.). We have also held in United States v. McCaffrey, 372 F.2d 482 (10th Cir.), that it is not ground for reversal if there be no record of the testimony before the grand jury.

There is also no requirement that the accused be furnished a list of the names of the witnesses who appeared before the grand jury in a case where the charge is under 18 U.S.C.A. § 472 or § 473. The statutory provision relating to this issue is not applicable to this offense. 18 U.S.C.A. § 3432.

We have also held in Moore v. Aderhold, 108 F.2d 729 (10th Cir.), and in Dean v. United States, 265 F.2d 544 (10th Cir.), that the names of witnesses that the prosecution expects to call for the trial need not be provided to the de-

fendant. See also Cordova v. United States, 303 F.2d 454 (10th Cir.).

■ There is no claim by appellant that he was denied compulsory process. Thus the fact that the informer was not called as a witness by the Government cannot be complained of by appellant.

On the morning of the day of the trial appellant filed a motion for continuance and for a list of witnesses whom the prosecution expected to call. The continuance portion of the motion reads:

"That the defendant's witness, Sandra Wilson, is incapacitated by virtue of an automobile accident and is presently confined in the McBride Clinic, and will be for an indeterminate time, and will be unable to testify on behalf of this defendant, Eulys Sigrid Thompson; that the witness, Sandra Wilson, is a very material witness to the defense of this defendant and the defendant cannot properly proceed to trial without the said witness."

The transcript of the presentation of the motion to the court is as follows:

"MR. LEATHERMAN: I have a material witness who was in an automobile accident out on Highway 40, I think it was Thursday night. I had no knowledge of it until late Friday evening. She is in McBride Clinic in a very critical condition. She is very material to this defendant's defense.

"However, if the Government wants to proceed, I think we can stipulate to her testimony.

"MR. GREEN: I don't think there is any stipulation. We are ready to proceed, your Honor. We don't even know what her testimony would be.

"THE COURT: I think this is the third time that we have had a motion like this to come up late. The motion will be overruled.

"MR. LEATHERMAN: May I file it?

"THE COURT: Yes, you can file it."

Another motion was made orally by appellant after the Government had rested its case. In this presentation appellant stated in effect that the witness would testify to a conversation she had with the informer, in which he said he had a "deal" with the Government whereby if he could "induce" the appellant or others to reveal the source of the counterfeit money he would receive a light sentence "in Texas." The Government argued that no subpoena had been issued for the witness. The motion was denied, as were other motions to dismiss the indictment.

■■ It appears that the appellant did not attempt to comply until the Government had rested with the requirements relating to continuances as set forth in Leino v. United States, 338 F.2d 154 (10th Cir.), and in Smith v. United States, 273 F.2d 462 (10th Cir.), especially as it relates to due diligence to obtain attendance and a showing of the relevance of the testimony the witness would give. The matter of continuance is, of course, a matter within the discretion of the trial court, and we cannot say that under these circumstances there was an abuse of discretion. Leino v. United States, supra; Smith v. United States, supra.

■ As to appellant's contention that the sentence he received shows great disparity with the sentence the informer received, it must first be observed that appellant was alone charged in this action in Oklahoma, and the informer was charged in the Eastern District of Texas. Appellant's sentence was within the maximum prescribed by law, and we find no error. Smith v. United States, 273 F.2d 462 (10th Cir.); Jordan v. United States, 370 F.2d 126 (10th Cir.).

■ Appellant also argues that it was error not to provide him with a copy of his presentence report. Such reports need not be requested by the court, and it is not error to refuse them, when obtained, to the accused. This is a matter in the discretion of the trial court, and the practice seems to vary

from district to district. We held in Hoover v. United States, 268 F.2d 787 (10th Cir.), that it was not a violation of due process to refuse to give the accused a copy of the report.

We find no error, and the case is affirmed.