**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Mance E. TRICE, Defendant-Appellant.**

**No. 18934.**

United States Court of Appeals
Sixth Circuit.

June 17, 1969.

J. William Rutherford, Nashville, Tenn., for appellant.

Martha C. Daughtrey, Nashville, Tenn., Gilbert S. Merritt, Jr., U. S. Atty., Kent Sandidge, III, Asst. U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before PHILLIPS, McCREE and COMBS, Circuit Judges

PER CURIAM.

This is a direct appeal from a conviction on two counts of an indictment charging unlawful possession of a check stolen from the United States mail and embezzlement of the proceeds of the check, in violation of 18 U.S.C. §§ 1702 and 1708. The jury found the defendant not guilty of the first count charging the taking of the envelope and its contents from the mail.

Two issues are presented on the appeal: (1) whether there was sufficient evidence to support the verdict of the jury; and (2) whether the District Judge committed reversible error at the time of sentencing by refusing to permit counsel for defendant to inspect a memorandum prepared by counsel for co-defendant and delivered by him to the probation officer. The United States Attorney stated that an "unusual circumstance" had come to his attention in that the probation officer had a report from the co-defendant's counsel, who was in the courtroom. The United States Attorney commented that "I think it is apropos on the matter of sentencing. * * * " Thereupon he handed the report or memorandum to the District Judge, who read it and commented that "I'm going to give him exactly the same sentence I was going to give him before I read this because this is not controlling on the sentence matter." The attorney for appellant asserted that he had a right to see the report, but this request was denied. The District Court proceeded to sentence defendant to the custody of the Attorney General for a period of one year and six months on the second and third counts of the indictment, the sentences to run concurrently.

The refusal of the District Court to apprise defendant of the nature or content of the document was one of the grounds of defendant's motion for a new trial. This motion was overruled.

■ Upon a study of the briefs and transcript and after hearing oral argument, we conclude that there is sufficient evidence in the record to support the conviction. The second question, concerning the refusal to inform counsel for defendant of the nature and content of the document which was furnished to and read by the District Judge immediately prior to sentencing, presents a more serious issue.

■ As a general rule when any communication is made to the District Judge by the prosecutor or a co-defendant at the time of sentencing for the purpose of influencing the sentence, other than through the probation officer in time for investigation, evaluation and report, we think its content should be disclosed to counsel for defendant upon his request.

■ After oral argument on the present appeal, this Court has obtained from the clerk of the District Court for in camera inspection the original of the document in question. Every member of the panel has read this document. We think it would have been better practice for the District Judge to have disclosed the contents of this document to counsel for defendant, either in chambers or in open court. However, since the District Judge stated affirmatively that this document had no effect on sentencing and there is nothing about the sentence to indicate the contrary, we conclude that refusal to divulge the contents of the document to counsel for defendant did not constitute reversible error under the facts and circumstances of the present case.

Affirmed.