UNITED STATES of America,
Plaintiff-Appellee,

v.

Albert LATIMER, Defendant-Appellant.

No. 19362.

United States Court of Appeals
Sixth Circuit.

Sept. 18, 1969.

Arthur F. Raker (Court Appointed),
Toledo, Ohio, for appellant.

Harry E. Pickering, Cleveland, Ohio, Bernard J. Stuplinski, U. S. Atty., John G. Mattimoe, Sp. Asst. to U. S. Atty., Toledo, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Latimer was found guilty on a trial before the District Judge sitting without a jury. He was convicted on two counts of forcibly resisting and impeding with a deadly weapon FBI agents in the performance of their duties in violation of 18 U.S.C.A. § 111.[1] The District Judge imposed a sentence of seven years on each count, the sentences to run concurrently.

This is a direct appeal from the judgment of conviction. We affirm the conviction, but vacate the sentence and remand to the District Court for resentencing.

The Cleveland office of the Federal Bureau of Investigation received Department of Defense Form 553 which indicated that Latimer was classified as a deserter from the United States Army. After learning his whereabouts, four FBI agents went to the apartment building where Latimer was living to arrest him for desertion. Two of the agents stationed themselves at the front and rear exits of the building and the other two agents went up the front stairs to the apartment. The agents repeatedly knocked on the door and identified themselves. Through the key hole in the door, the agents observed Latimer lying on a couch and then run out of the room after the agents had identified themselves. The agent at the rear exit of the building observed Latimer come down the rear stairs and stop at the last landing. At this time the agent confronted Latimer and identified himself and his purpose. The agent testified that Latimer had an automatic pistol in his hand and pointed it directly at him. After an exchange of a few words Latimer turned and ran back up the stairs into his apartment. Subsequently the two agents at the front of the apartment, after getting no response from their knocking, broke open the front door and located Latimer hiding in a closet. He had a loaded automatic pistol in his hand and there was testimony that the gun was pointed at one of the agents. Latimer stated to the agents: "I have a gun. Back out of here." After several minutes of this confrontation, Latimer surrendered without violence and was placed under arrest.

On this appeal Latimer raises three issues. First he contends that the record does not support the conviction for "forcibly" resisting and impeding the FBI agents. This contention is based primarily on the fact that no actual violence or force occurred but only the threat of Latimer to use force was present. It is argued that threat of force is insufficient to support a conviction under 18 U.S.C.A. § 111.

We conclude that there is sufficient evidence in the record to support the conviction. We hold that the actions of Latimer at the time of his arrest, as testified to by the agents, come within the meaning of 18 U.S.C.A. § 111 and constitute forcible resistance.

Next it is argued that the FBI agents violated Latimer's Fourth Amendment rights by breaking open the apartment door, searching the apartment for him and arresting him, all without either an arrest or a search warrant. We find no merit in this position. Un-

1. *Assaulting, resisting, or impeding certain officers or employees*

"Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

"Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

der the provisions of 10 U.S.C. § 808 [2] the agents had sufficient authority to search for and arrest the defendant as a deserter from the army without an arrest warrant or a search warrant. Michael v. United States, 393 F.2d 22 (10th Cir.). The fact that he resisted his arrest with the use of a gun and was charged and convicted for this offense rather than desertion does not render his arrest illegal.

■■ Finally it is contended that the District Court abused its discretion in sentencing Latimer to seven years on each count. The sentencing of one convicted of a crime is largely dependent on matters which are within the knowledge, experience and judgment of the sentencing court. For this reason the District Courts are given broad discretion in assessing punishment within the limits of the various federal statutes. On appeal this Court will not disturb that sentence unless there has been a gross abuse of discretion. Livers v. United States, 185 F.2d 807 (6th Cir.). We do not hold this to be an improper sentence.

However, on the last page of the Government's brief filed in this Court is found this sentence:

· "Finally, in an attempt to stay within the record, we would suggest that if this Court is disturbed by the sentence, that it ask Judge Kloeb to make a record of his knowledge as to tests performed on the bullet found in this gun. The result indicating whether or not the pistol had been discharged with a misfire would be interesting."

We are disturbed by this statement. There is no evidence in the record to clarify this comment of Government counsel. We have no way of knowing whether there was a misfire, and, if so, how much consideration, if any, the District Court placed on such information in determining the sentence.

Under Rule 32(c) Fed.R.Crim.P. the District Court has available to it information in the presentence report which is helpful in assessing the punishment to be given a defendent. The decision to disclose the information in this report to the defendant or his counsel and to give them an opportunity to comment on it is left to the discretion of the District Court. Rule 32(c) (2), Fed. R.Crim.P.; Thompson v. United States, 381 F.2d 664 (10th Cir.). See also United States v. Trice, 412 F.2d 209 (6th Cir).

■ Under the facts of this case any information which may have come to the District Court concerning the presence of a misfired cartridge found in Latimer's pistol creates a different problem. Assuming that Latimer pulled the trigger of the loaded pistol while pointing it at the FBI agent and the bullet misfired, this would constitute a different and more serious crime than that with which he was charged. If the Government had any such information, the time and place to present it was in open court during the course of the trial. To disclose it to the sentencing court ex parte after the judgment of conviction gives rise to the possibility that the District Court may have sentenced Latimer for a more serious offense than the one for which he was convicted and that defense counsel was given no opportunity to rebut it. There is no way for this Court to ascertain whether the District Court had any such information, and, if so, whether it was used in determining the length of the sentence. In view of this circumstance this Court has no alternative except to vacate the sentence and remand for resentencing.

The case is remanded with instructions that in resentencing Latimer the District Court not consider in any way any information regarding the presence of a misfired cartridge found in Lati-

---

2. *"Apprehension of deserters*

"Any civil officer having authority to apprehend offenders under the laws of the United States or of a State, Territory, Commonwealth, or possession, or the District of Columbia may summarily apprehend a deserter from the armed forces and deliver him into the custody of those forces."

mer's pistol at the time of his arrest. In order to clarify any doubt that may exist in this connection, the District Judge is directed to file a statement of his reasons for imposing the sentence which he will give on remand.

Vacated and remanded.