**UNITED STATES of America,
Plaintiff,**

v.

**Harry William DANIELS, Defendant.**

**No. 10703.**

United States District Court,
E. D. Kentucky,
Covington Division.

Dec. 15, 1970.

**1062**

Eugene E. Siler, Jr., U. S. Atty., by James F. Cook, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Richard R. Slukich, Covington, Ky., for defendant.

### ORDER

SWINFORD, District Judge.

The motion of the defendant-appellant, Harry William Daniels, Jr., that this court order a stenographic transcript of the hearing of September 21, 1970, to be made without cost to the defendant is overruled. For the information of the defendant and his counsel, the undersigned judge of this court is informed that a transcript of the hearing will be filed by the court reporter and made a part of the record in this case for the reviewing court to have at the time it considers this case under its order of December 2, 1970. A copy of this hearing could very likely be obtained from the clerk at a relatively small cost to the defendant.

Notwithstanding the relative inconsequential cost, this court does not feel that it has authority to commit the United States to an expenditure of any sum in this proceeding at this time and the court hereby certifies that the appeal is not taken in good faith as there is no order of this court that is reviewable by the appellate court. 28 U.S.C.A. 1915(a); Foster v. United States, 6 Cir., 344 F.2d 698; United States v. Lott, D.C., 171 F.Supp. 178.

It is apparent that the only question on which the appeal is taken is the question of the sentence. It is established law in this Circuit without exception that the matter of sentence addresses itself entirely to the trial judge. Rule 32(a) (1), Rules of Criminal Procedure. The Court of Appeals for the Sixth Circuit has affirmed and reaffirmed this rule in the following cases:

In the case of United States v. McGuire, 6 Cir., 328 F.2d 303, in a per curiam opinion by Judges Weick, Phillips and Edwards, the court said, "We have no jurisdiction to review the sentence, but appellant has a remedy under Rule 35 of the Federal Rules of Criminal Procedure to move the District Court for a reduction of sentence."

In the case of DeMars v. United States, 6 Cir., 254 F.2d 594, in a per curiam opinion handed down by Judges Simons, Martin and Bazelon, the court said, "While the appellant contends that the sentence of both fine and imprisonment was unusually harsh by comparison with other cases of similar nature, it was within the limits fixed by the Act and we have no power to modify it."

In the comparatively recent case of United States v. Wade, 6 Cir., 364 F.2d 931, Judge James F. Gordon, speaking for the court panel composed of himself, Judges Edwards and Celebrezze, said, "Punishment fixed within the limits provided by the statute violated is a matter exclusively within the province of the trial court."

In the case of United States v. Latimer, 6 Cir., 415 F.2d 1288, Judge Phil-

lips, speaking for a panel composed of himself, Judge Weick and Judge O'Sullivan, said, "The sentencing of one convicted of a crime is largely dependent on matters which are within the knowledge, experience and judgment of the sentencing court. For this reason the District Courts are given broad discretion in assessing punishment within the limits of the various federal statutes. On appeal this Court will not disturb that sentence unless there has been a gross abuse of discretion." There is cited another Sixth Circuit case in support of this statement, Livers v. United States, 185 F.2d 807. The following paragraph is also quoted from Judge Phillips' opinion:

> "Under Rule 32(c) Fed.R.Crim.P. the District Court has available to it information in the presentence report which is helpful in assessing the punishment to be given a defendant. The decision to disclose the information in this report to the defendant or his counsel and to give them an opportunity to comment on it is left to the discretion of the District Court. Rule 32(c) (2), Fed.R.Crim.P.; Thompson v. United States, 381 F.2d 664 (10th Cir.). See also United States v. Trice, 412 F.2d 209 (6th Cir.)."

See also United States v. Mulloy, 6 Cir., 412 F.2d 421; United States v. Pratt, 6 Cir., 412 F.2d 426; United States v. Stubblefield, 6 Cir., 408 F.2d 309; Appellate Review of Sentences, D.C., 32 F.R.D. 249 (1963); and Brewster Appellate Review of Sentences, D.C., 40 F.R.D. 79 (1966).

Attention might also be called to the fact that the Sixth Circuit has insofar as the sentence is concerned affirmed cases of identical nature in which the judge gave the maximum sentence provided by law. In the case now before the court, the maximum sentence was not given by this court.

The rationale of the rule cannot be questioned as it is conceded that the trial judge, face to face with the defendant and his attorney, with the confidential report of the Probation Department before him is in an eminently better position to fix the sentence than any other tribunal or agency of the government. Notwithstanding significant efforts that have been made to enact legislation leaving the matter of sentencing to a bureaucratic agency, the Congress has seen fit to take no step in that direction. And the Supreme Court of the United States, with knowledge of the effort to establish by statute a different mode of sentencing, has nevertheless adopted Rule 32(a) (1), Rules of Criminal Procedure, which in turn is approved by the Congress.

■ The motion of the defendant for an order to provide the defendant-appellant probation and parole records is overruled. This court has no parole record and it is denied a revelation of the probation report and record by law. Rule 32 (c) (1), Rules of Criminal Procedure, is so concerned that the report be held in strict confidence that it cannot even be examined by the trial judge or its contents disclosed to anyone until the defendant has either pleaded guilty or been found guilty. Subsection (2) of Section 32(c) is comprehensive and expressly emphasizes the importance of treating intimate details in the life of the defendant with utmost confidence. The rule provides that the court *before imposing sentence* may disclose to the defendant or his counsel all or part of the report, but he must also make this disclosure to the attorney for the United States.

The undersigned judge of this court has looked upon these presentence reports as a sacred trust that should remain inviolate in a strict interpretation of the law as laid down by the rules of the court. The Probation Department has been instructed that it may advise those who are interviewed in its investigation that no revelation of the contents of the report or their statement to the probation officer will be made to anyone except the trial judge and they are authorized to commit the integrity of the trial judge to sustain this implicit confidence. The salutary effect of such a

practice by this court has enabled the Probation Department to obtain intimate details that would otherwise not be available. To violate a commitment to a neighbor or relative who has confidently relied upon the representation is possibly to place the life, family or property of that person interviewed in serious jeopardy. The whole idea is the fact that these reports are not public records and can be submitted only to the trial judge. The undersigned judge of this court will on no condition order this report to be made available to any other person, as a matter of intimate personal judicial integrity based on the promises of the undersigned judge of this court. Baker v. United States, 4 Cir., 388 F.2d 931.