UNITED STATES of America, Plaintiff-Appellee,

v.

Raymond Steven HONE, Defendant-Appellant.

No. 71-1703.

United States Court of Appeals, Sixth Circuit.

March 9, 1972.

Harland M. Britz, Toledo, Ohio (Court appointed), for defendant-appellant; Fuhrman, Gertner, Britz & Barkan, Toledo, Ohio, on brief.

Peter M. Handwork, Asst. U. S. Atty., Toledo, Ohio, for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., Toledo, Ohio, on brief.

Before CELEBREZZE and KENT, Circuit Judges, and KINNEARY,* District Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from Appellant Hone's probation revocation proceeding before the District Court. Although Appellant does not challenge the District Court's decision to revoke his probation, he does claim that the sentence subsequently imposed must be set aside due to a certain practice of the District Court relating to presentence conferences.

On May 23, 1969, Appellant entered a plea of guilty to an information charging him with interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312. The District Court suspended the imposition of sentence and placed Appellant on probation for three years, pursuant to the Youth Corrections Act, 18 U.S.C. § 5010(a). Appellant was subsequently charged with failing to comply with several conditions of his probation, and a probation

* The Honorable Joseph P. Kinneary, United States District Judge for the Southern District of Ohio, sitting by designation.

revocation hearing was set for July 9, 1971.

On the morning preceding the revocation hearing, the District Court held a conference with his probation staff to discuss the matter of sentencing. In accordance with his established practice, the District Judge requested that the United States Attorneys who were involved in Appellant's case be present at that conference, but he did not extend a similar request to Appellant's counsel. Appellant was not present at the conference.

At the July 9, 1971, revocation hearing, the District Court found that Appellant had failed to comply with the conditions of his probation, and his probation was therefore revoked. When the matter of sentencing was discussed, Appellant's counsel voiced an objection to the fact that the United States Attorneys, but not defense counsel, had been present at the pre-sentence conference. The District Judge overruled this objection and stated his reasons for this practice. Appellant was then sentenced to the custody of the Attorney General for treatment and supervision until discharged by the Youth Correction Division of the Board of Parole, pursuant to 18 U.S.C. § 5010(b). Appellant contends that this sentence must be set aside and the case remanded for resentencing because the presence of the United States Attorneys, in the absence of defense counsel, at the pre-sentence conference deprived him of due process and the right to confrontation.

In overruling Appellant's objection to the District Court's practice respecting the pre-sentence conference, the District Judge stated his belief that once a defendant has been found guilty he "has reached the point where his rights are exhausted and the rights of the state are now the ones that the Court is concerned with." After a determination that a defendant has committed a wrong against the state, it is necessary, in the District Judge's view, that the state be given a voice in deciding what the penalty for that wrong shall be. Noting that the defendant is given an opportunity to speak in open court before the sentence is imposed, the District Judge reasoned that the prosecutor is entitled to represent the state's interest in determining the sentence at the pre-sentence conference.

In view of the Supreme Court's decisions in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), Moore v. Michigan, 355 U. S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957), and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), it can no longer be said that a defendant's rights are exhausted the moment his guilt is determined. "The right to counsel is not a right confined to representation during the trial on the merits." Moore v. Michigan, *supra*, 355 U.S. at 160, 78 S.Ct. at 194. Rather, the right to counsel extends to "every stage of a criminal proceeding where substantial rights of a criminal accused may be affected," including sentencing. Mempa v. Rhay, *supra*, 389 U.S. at 134, 88 S.Ct. at 257. Similarly, a defendant's right to challenge information supplied by the Government should not be restricted to the trial on the merits.

We believe that the presence of United States Attorneys at the pre-sentence conferences, in the absence of defense counsel, fosters a possibility that the defendant's rights will not be adequately protected. The potential prejudice which might result under this practice is vividly revealed in Townsend v. Burke, *supra*. There the Supreme Court reversed a conviction where the defendant had been prejudiced during sentencing either by the prosecutor's submission of misinformation regarding the defendant's past criminal record or by the trial court's misreading of that record. Whereas the requirement that defense counsel be present at the open-court sentencing proceedings now presumably protects against any such misreading of the information on which the trial judge expressly relies in setting the sentence, we believe that the District Court's practice of inviting the United

States Attorneys, but not defense counsel, to the pre-sentence conferences affords an unnecessary risk that the prosecutors might supply incorrect and unchallenged information which could influence the sentence.

This risk that a sentencing court may have relied on unproven information, provided ex parte by the prosecutor after the judgment of conviction, was the basis for setting aside the defendant's sentence in United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969). Similarly, in United States v. Trice, 412 F.2d 209 (6th Cir. 1969), this Court set forth the following rule:

> "As a general rule when any communication is made to the District Judge by the prosecutor or a co-defendant at the time of sentencing for the purpose of influencing the sentence, other than through the probation officer in time for investigation, evaluation and report, we think its content should be disclosed to counsel for defendant upon his request." 412 F.2d at 210.

Moreover, Rule 32(c) (2), Fed. Rules Crim.Proc., requiring that "[a]ny material [from the pre-sentence report] disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government," implies that Congress did not anticipate that the pre-sentence report would contain information provided ex parte by the Government.

We thus believe that the District Court's practice of requesting that the United States Attorneys, but not defense counsel, be present at the pre-sentence conference poses a potential threat to a defendant's right to confrontation during the sentencing process, in contravention of the policies set forth in this Court's *Latimer* and *Trice* decisions. Although it was disclosed at oral argument that the United States Attorneys rarely offer recommendations or information at the pre-sentence conferences, we believe the mere possibility that a defendant could be prejudiced requires that the District Court's practice be discontinued. We are by no means condemning the District Court's policy of holding pre-sentence conferences with the probation staff. Rather, we simply believe that if the United States Attorneys are present at the pre-sentence conferences, counsel for the defendant should also be present.

We do not, however, find that Appellant in the present case was prejudiced by the attendance of the United States Attorneys at the pre-sentence conference. At the revocation hearing, the District Judge stated that the United States Attorneys made no recommendations and provided no information at the pre-sentence conference. At the close of the conference, the United States Attorneys merely acquiesced in the determination which the District Judge had made after considerable debate with his probation staff.

We therefore affirm the sentence imposed by the District Court, but we direct that the practices of the District Court regarding pre-sentence conferences be modified in accordance with this opinion.