Marvin Spencer JOHNSON, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 72-1702.

United States Court of Appeals, Tenth Circuit.

July 19, 1973.

**WILLIAM E. DOYLE, Circuit Judge.**

Appellant filed a motion in the district court pursuant to 28 U.S.C. § 2255 seeking an order to vacate or reduce sentence. The requested relief was denied, and this is an appeal from that judgment.

The contentions here are first, that the district court was guilty of an abuse of discretion in refusing to allow the appellant to withdraw his plea of guilty; secondly, that the appellant was inadequately represented by counsel at the trial; and, thirdly, that the appellant's constitutional rights were violated as a result of the court's denying him the right to view the presentence report. We conclude that none of these contentions have merit.

Appellant was arrested in Cheyenne, Wyoming on July 3, 1969, incident to falsely endorsing four United States Treasury checks. On the subsequent arraignment which occurred on July 14, 1969, indictment was waived, an information was filed and appellant entered a plea of guilty to each of the four counts. Subsequently, a presentence investigation was conducted, a report was furnished and the defendant was sentenced to concurrent terms of imprisonment of four years.

Appellant made an application for withdrawal of his plea of guilty prior to the imposition of sentence. However, this application was denied. We perceive no error in this denial since the matter rests within the discretion of the trial court. Unless it appears that the court acted unjustly or unfairly, there is no abuse of discretion. *See* Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Dorton v. United States, 447 F.2d 401 (10th Cir. 1971). Nor do we see any merit to the contention that the appellant was inadequately represented since it cannot be said that the representation was perfunctory, in bad faith, a sham, a pretense or without adequate opportunity for conference or prepara-

Gregory H. Fess, Littleton, Colo. (Jay L. Gueck, Denver, Colo., on the brief), for plaintiff-appellant.

Richard A. Stacy, Asst. U. S. Atty., D. Wyo. (Richard V. Thomas, U. S. Atty. and Tosh Suyematsu, Asst. U. S. Atty., D. Wyo., on the brief), for defendant-appellee.

Before HILL, JONES * and DOYLE, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

242

tion. Ellis v. State, 430 F.2d 1352 (10th Cir. 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546 (1971); Goforth v. United States, 314 F.2d 868 (10th Cir. 1963). Appellant's dissatisfaction with appointed counsel dates from sometime after the sentence was imposed. Prior thereto he was not dissatisfied, and the related question that the plea of guilty should have been appealed is also without merit. Appellant entered a plea of guilty and there is no indication that an appeal was considered appropriate. *See* Cascio v. United States, 429 F.2d 581 (9th Cir. 1970); Lewis v. United States, 111 U.S.App.D. C. 13, 294 F.2d 209 (1961), cert. denied, 368 U.S. 949, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961).

■ Finally, it is contended that the denial of appellant's right to view the presentence report violated his constitutional rights. The standard prescribed by Rule 32(c), Federal Rules of Criminal Procedure, for submission of the presentence report is one of court discretion. It has been held that this is not a question of constitutional dimension. United States v. Stidham, 459 F.2d 297 (10th Cir. 1972); Thompson v. United States, 381 F.2d 664 (10th Cir. 1967).

■ At bar the district court reviewed with the defendant his past criminal record as shown by the probation report and allowed him to explain or elaborate this material; in the subsequent post conviction hearing the court stated that it did not rely on any prior convictions, valid or invalid, in pronouncing sentence. We regard this as conclusive. *See* United States v. DeVore, 423 F.2d 1069 (4th Cir. 1970), cert. denied, 402 U.S. 950, 91 S.Ct. 1604, 29 L.Ed.2d 119 (1971); United States v. Trice, 412 F.2d 209 (10th Cir. 1969).

We have examined United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and the position we now take is entirely consistent with the *Tucker* decision. There the court actually relied on two convictions which were later held to be invalid. Since it was clear that the district court had re-

lied on these sentences, the Court of Appeals for the Ninth Circuit posed the possibility that a heavier sentence resulted and remanded for resentencing. The Supreme Court affirmed, holding that resentencing is required where there is misinformation of constitutional dimension and this misinformation is given specific consideration by the sentencing judge.

·■ *Tucker* does not require that the defendant have access to the presentence report. In this case the court communicated to the defendant the information contained in the presentence report. This would tend to avoid the problem which was present in *Tucker*. *Tucker* considered in this context requires no more than this.

We find no basis for complaint here. Accordingly, the judgment of the district court is affirmed.