**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lorraine L. LOWE, Defendant-Appellant.**

**No. 73–1090.**

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1973.

Decided July 31, 1973.

Albert Best (court appointed), Detroit, Mich., for defendant-appellant; Littky & Mallon, Detroit, Mich., on brief.

John Patrick Conley, Asst. U. S. Atty., Flint, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Ralph J. Heikkinen, Asst. U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and MOYNAHAN, District Judge.*

PER CURIAM.

On July 7, 1972 the federal grand jury in Detroit, Michigan returned a three-count indictment against Lorraine L. Lowe charging her with unlawfully uttering and publishing three forged United States Savings Bonds in violation of 18 U.S.C. § 495. She entered a plea of not guilty at her arraignment on July 20, 1972. Lowe appeared again on September 7, 1972 and, while accompanied by competent counsel, changed her plea to guilty to Count Two of the indictment. Thereafter the District Court imposed a two year sentence on December 7, 1972. Lowe's subsequent request for an opportunity to examine the presentence report was denied and this appeal followed. It is contended that the sentence was so harsh as to amount to an abuse of discretion and that appellant's constitutional rights to due process and the assistance of counsel were denied when she was not permitted to view the presentence report. We reject both contentions.

This Court has long declined to interfere in a district court's imposition of sentence except in the most extraordinary circumstances.[1] In United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969), we had occasion to state the position which we reaffirm today. There we stated: "The sentencing of one convicted of a crime is largely dependent on matters which are within the knowledge, experience and judgment of the sentencing court. For this reason the District Courts are given broad discretion in assessing punishment within the limits of the various federal statutes. On appeal this Court will not disturb that sentence unless there has been a gross abuse of discretion." 415 F.2d at 1290.

Congress has provided that whoever violates 18 U.S.C. § 495 shall be fined not more than $1,000 or imprisoned not more than ten years, or both. The sentence imposed by the District Court is well within the statutory limits and certainly cannot be said to be an abuse of discretion.

Appellant's second contention raises the issue of whether a criminal defendant has a right to examine a presentence report. If appellant has this right, it must be found in the Constitution. The Federal Rules of Criminal Procedure are clear in indicating that a defendant has no such absolute right. Rule 32(c)(2), Fed.R.Crim.P., provides that a district judge *may* disclose all or part of the material contained in the presentence report. This has been uniformly interpreted as granting discre-

---

* The Honorable Bernard T. Moynahan, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

1. *See* United States v. Daniels, 446 F.2d 967 (6th Cir. 1971); United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969).

tion to the trial court in determining whether a defendant should be permitted to examine the report. 2 Wright, Federal Practice and Procedure § 524.

 No reported decision of this Court on this constitutional issue has been found. We follow the sound reasoning expressed by several other Circuits in rejecting this contention of appellant. *See* United States v. Stidham, 459 F.2d 297 (10th Cir. 1972); United States v. McKinney, 450 F.2d 943 (4th Cir. 1971); United States v. Warren, 432 F.2d 772 (5th Cir. 1970); Fernandez v. United States, 432 F.2d 426 (9th Cir. 1970). *Contra,* Verdugo v. United States, 402 F.2d 599, 613 (9th Cir. 1968) [concurring opinion of Judge Browning], cert. denied, 402 U.S. 961, 91 S.Ct. 1623; 29 L.Ed.2d 124 (1971).[2]

Affirmed.

---

2. In an analogous situation the Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not prohibit a state judge from relying on responsible information in a presentence report even though the defendant has not had an opportunity to confront those persons providing the information. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *cf.* Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).