**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Clovis Carl GREEN, Jr., Defendant-Appellant.**

**Clovis Carl GREEN, Jr., Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 72–1839, 73–1189.**

United States Court of Appeals, Tenth Circuit.

July 19, 1973.

Rehearing Denied Aug. 15, 1973.

Certiorari Denied Dec. 3, 1973.

See 94 S.Ct. 583.

Edward H. Funston, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for appellee.

Charles E. Grover, Denver, Colo., for appellant.

Before HILL, JONES* and DOYLE, United States Circuit Judges.

DOYLE, Circuit Judge.

This is a case like Johnson v. United States, 10 Cir., 485 F.2d 240, decided this day, in which the appellant challenges the validity of his sentence based on his not having been allowed to see the presentence report and a psychiatric report.

The appellant here was convicted in the District of Kansas on a two count Dyer Act charge. The court sentenced him pursuant to the indeterminate sentencing act, 18 U.S.C. § 4208(a)(2) to a maximum of four years. Appellant filed in the trial court a motion for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. This motion was denied, the court finding that the sentence was valid. Subsequently, the appellant filed a motion pursuant to 28 U.S.C. § 2255, which motion was also denied. Both judgments have been appealed and are consolidated.

■ Appellant maintains that his rights were violated because he was denied an opportunity to view the presentence report. However, the record discloses that his counsel did see it.[1] Ap-

---

* Of the Fifth Circuit, sitting by designation.

1. The record discloses the following:
   THE COURT:
   
   \*   \*   \*   \*   \*

   Now, the Court has ordered a presentence investigation in regard to this matter. Mr. Sieve, have you had a chance to examine the pre-sentence report and discuss its contents with your client?

pellant therefore maintains that he had a right to see the presentence report independently and that this right is not satisfied by submission of it to his attorney. We disagree with this contention.

Rule 32(c)(2), Federal Rules of Criminal Procedure, vests the discretion with respect to this in the trial court.[2] The issue as to whether the presentence report should be turned over to the defendant is an embattled one but until now at least the cases hold that the trial court has the discretion to withhold it as such, even though it may now be required to disclose to the defendant those parts of it which it is taking into consideration in pronouncing sentence. *See* United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Stidham, 459 F.2d 297, 299 (10th Cir. 1972) and cases cited therein. The courts have recognized that presentence reports often contain information which is entitled to be protected in the interest of continuing the flow of facts concerning the accused. *See* United States v. Schipani, 435 F.2d 26 (2d Cir. 1970); Baker v. United States, 388 F.2d 931, 933 (4th Cir. 1968); Annot., "Defendant's Right to Disclosure of Presentence Report," 40 A.L.R.3d 681 (1971). The judge has an interest in encouraging a broad scope of knowledge so as to insure intelligent and effective sentencing.[3]

Inasmuch as the presentence report here was submitted to trial counsel, we are unable to perceive any abuse of discretion on the part of the trial court in not furnishing the appellant personally with a copy of the report. *See* United States v. Dockery, 145 U.S.App.D.C. 9, 447 F.2d 1178, cert. denied, 404 U.S. 950, 92 S.Ct. 299, 30 L.Ed.2d 266 (1971).

■ The next point advanced is that one of the prior convictions of the accused is invalid because appellant was not represented by counsel. He relies on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and the Supreme Court's more recent decision in

---

MR. SIEVE: Yes, I have, Your Honor.

THE COURT: Do you have anything to say?

MR. SIEVE: No, Your Honor, except that the defendant would like it put in the record that he has not been allowed to have in his possession and go over a copy of this pre-sentence investigation report himself. I have some comments as to his sentencing, yes, sir.

THE COURT: He does not have a right to see the pre-sentence report and that's all there is to it and you can note your objection in that regard. I'll hear your comments about it.

2. Rule 32(c) (2) provides:

(2). *Report.* The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presen-

tence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government.

3. Justice Black recognized this in Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949) when he said:

A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial. (Footnote omitted.)

United States v. Tucker, *supra*. The *Tucker* case required a resentencing where the trial court had explicitly considered two convictions which were later vacated on the basis of the Supreme Court's ruling in Gideon v. Wainwright, *supra*. Here, however, the trial court indicated that it did not take into account the conviction in question. The judge disavowed any reliance upon the prior conviction. Hence, the case is distinguished from *Tucker* and the sentence is not invalid on this account. *See* United States v. DeVore, 423 F.2d 1069, 1075 (4th Cir. 1970); United States v. Trice, 412 F.2d 209, 210 (6th Cir. 1969).

Finally, appellant maintains that the report furnished by the Medical Center at Springifeld, Missouri, of the examination of him, pursuant to 18 U.S.C. § 4244, contained false and vindictive information, whereby he is entitled to an evidentiary hearing and resentence. Thus, the appellant claims the right to have a trial and an opportunity to rebut the presentence report in its entirety. He claims this as an ingredient of due process. The cases do not support this claim. Williams v. Oklahoma, 358 U.S. 576, 584–585, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); Hoover v. United States, 268 F.2d 787, 790 (10th Cir. 1959).

As previously noted, the appellant's counsel examined the presentence report, presumably in its entirety, and there was no objection to its accuracy prior to the sentencing. Appellant now attempts to once again litigate the insanity issue by challenging the Medical Center's diagnosis. In so doing he would impeach the jury's verdict that he was sane. Inasmuch as the issue was fully presented and considered, and in view of the fact that there was very substantial evidence presented which included a report from the Wyoming State Hospital, a report from a Denver psychiatrist who testified for the appellant at trial and a report from a Kansas psychiatrist, it cannot be said that the judge was not fully advised. Accordingly, we conclude that the trial court acted properly in rejecting the appellant's demand for an evidentiary hearing in respect to the psychiatric material in the presentence report. *See* Jordan v. United States, 421 F.2d 493, 498 (9th Cir. 1970).

In summary, we hold that the court fulfilled its obligation to communicate to the accused information relied on in pronouncing sentence so that the accused could correct or explain that information.

We see no merit in any of the defendant's contentions. Accordingly, the judgments of the trial court should be and the same are hereby affirmed.