**Robert Dewan DENNIS, Reg. No. 20169–175, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CIV–76–0300–D.

United States District Court, W. D. Oklahoma.

June 11, 1976.

Robert D. Dennis, pro se.

David L. Russell, U. S. Atty., by O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

ORDER

DAUGHERTY, Chief Judge.

Pursuant to Title 28, United States Code, Section 2255, the above-named petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas, has moved the court to vacate the judgment and sentence of this court in case No. CR–72–16 on the following grounds:

"(a) Coerced Plea of Guilty

(b) No Factual Basis for Acceptance of Plea

(c) Prior invalid convictions were considered by the court when assessing sentence."

The court has examined the files and records herein together with those in the criminal case (CR–72–16) and petitioner's prior § 2255 proceedings (CIV–72–852–D, CIV–73–756–D, CIV–75–1031–D). In said case No. CR–72–16 the petitioner was charged with the crime of Bank Robbery with a Dangerous Weapon in violation of Title 18, United States Code, § 2113(a) and (d). In all proceedings in said case he was represented by his court-appointed attorney Mr. Hugh D. Rice. At his arraignment on February 2, 1972, the petitioner entered a plea of not guilty. The case was set for trial on July 24, 1972. On that day the petitioner appeared with his attorney who was prepared for trial. The United States

District Attorney for the Western District of Oklahoma was also ready for trial. The court impaneled the jury during the morning, and before receiving any evidence declared a noon recess. The court was informed during the noon recess that the petitioner desired to enter a plea of guilty to the Indictment. When the court reconvened at 1:30 p. m. the jury was excused and the petitioner then plead guilty to the charge. He advised the court that the decision was his own free and voluntary act. He stated that no promises, threats or force of any kind caused him to change his plea. He informed the court that he had been satisfied with the services of his attorney and fully understood the nature of the charge against him. He was again advised concerning the maximum permissible punishment and acknowledged that he knew this. The court fully explained his rights to a jury trial and the waivers involved in his plea of guilty including the defense of insanity. The court established a factual basis for the plea and then accepted the plea of guilty. On August 14, 1972, after the petitioner had been afforded the right of allocution the court committed him to the custody of the Attorney General for 25 years.

No direct appeal was perfected although the petitioner did unsuccessfully seek a reduction of sentence under Rule 35.

On December 13, 1972, the petitioner in case No. CIV–72–852 first sought 2255 relief on the grounds (1) the court did not properly consider his mental condition (2) his sentence was enhanced by association with a pending State arson charge and (3) the sentence was imposed so that he would be unable to receive psychiatric help. The Motion was denied January 2, 1973. The petitioner appealed to the United States Court of Appeals for the Tenth Circuit and the denial of relief by this court was affirmed. *Dennis v. United States*, Unpublished No. 73–1147 (10th Cir., filed September 6, 1973).

On November 7, 1973, in case No. CIV–73–756–D the petitioner again collaterally attacked his conviction under 28 U.S.C.

§ 2255 alleging that his plea of guilty was induced by assurances from his court-appointed counsel that a plea bargain had been arranged. In considering the detailed allegations made by the petitioner, this court determined that an evidentiary hearing was required but that the issues could be fully developed by the use of interrogatories and cross-interrogatories in lieu of oral testimony produced in court. Counsel was appointed to represent the petitioner in the case and interrogatories and cross-interrogatories were propounded as ordered by the court. After consideration of the evidence so presented the court made specific Findings of Fact and Conclusions of Law contrary to the contentions made by the petitioner and denied the Motion. Upon appeal this action likewise was affirmed. *Dennis v. United States*, Unpublished No. 74–1724 (10th Cir., filed March 6, 1975).

The petitioner's last effort under Section 2255 was filed December 9, 1975 in CIV–75–1031–D. Therein he attacked the constitutionality of Title 18, United States Code, § 2113 and claimed that his Indictment was therefore void. The court found the petitioner's contention to be frivolous and summarily dismissed the Motion.

The court has detailed the petitioner's prior history in this court to show that the shocking and novel allegations of involuntariness contained in his affidavit in support of the present Motion have hitherto been unrevealed or even intimated in anything that has been said or done in his numerous appearances in this court. The whole thrust of his Motion is that he was innocent of the crime and plead guilty only because the guilty parties who had framed him threatened his life and the lives of his family. In remarkable detail he alleges his involvement in a powerful criminal organization headed by top political figures in Oklahoma which led to his present predicament. As a literary effort it is interesting, and even exciting. As a legal document it is incredible. Good fiction, however, no matter how imaginatively presented will not entitle the petitioner to relief. The

court must judge the application, not for its artistic merit, but for its legal substance.

A claim of innocence is not a basis for collateral attack. *Wagenknecht v. Crouse*, 344 F.2d 920 (CA10 1965); *United States v. Smith*, 407 F.2d 33 (CA2 1969). In a proceeding under § 2255 allegations of an involuntary plea require an evidentiary hearing unless the Motion, files and records examined by the court conclusively show that a petitioner is entitled to no relief. *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961); *Semet v. United States*, 369 F.2d 90 (CA10 1966). The Supreme Court in *Machibroda* further commented:

> "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense."

In *Malone v. United States*, 299 F.2d 254, 255–256 (CA6 1962) the court in denying a motion to vacate a sentence stated:

> "It is not the law that in every case where the movant may set forth a claim which appears to be good on paper although manifestly false in fact and frivolous, the District Court is nevertheless obligated to grant him an oral hearing. *United States v. Thomas*, 291 F.2d 478 (CA6); *Johnson v. United States*, 239 F.2d 698 (CA6), cert. denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539. It is necessary that the movant substantiate his conclusions by allegations of fact with some probability of verity. *O'Malley v. United States*, 285 F.2d 733 (CA6); *Stephens v. United States*, 246 F.2d 607 (CA10)."

In the Rule 11 proceedings at the time the petitioner changed his plea, the petitioner expressly denied any force or threats from any source to coerce the guilty plea, and declared that the decision was his of his own free and voluntary will. (Tr. Evidentiary Proceedings, 85). Admission of facts elicited by the court completely refutes his claim that there was no factual basis for the plea:

> "Q Are you guilty of this offense?
>
> A Yes, sir.
>
> Q On or about January 5th, 1972, at Willow, in Greer County in the Western Judicial District of Oklahoma, did you, by force, violence and intimidation, take from the presence of Thelma Underwood, the sum of money in the amount of $227.55?
>
> A Yes, sir.
>
> Q And did this money belong to and was it in the care, custody and control, management and possession of the First State Bank of Willow?
>
> A Yes, sir.
>
> Q And was this bank a bank the deposits of which were insured by the Federal Deposit Insurance Corporation?
>
> A Yes, sir.
>
> Q And in doing this, did you put the life of said Thelma Underwood in jeopardy by use of a dangerous weapon in the form of a shotgun?
>
> A Yes, sir."

(Tr.Evid. Hrg. at 87.)

Not only are petitioner's present allegations contrary to his statements in open court, they are inconsistent with all of the events which preceded the plea of guilty. The coercive threats which allegedly instilled the fear which induced the plea were made prior to petitioner's apprehension. Yet, when he appeared before the court for his arraignment after indictment, less than a month after the threats when, if true, the chilling effect would have been the greatest, he plead not guilty. Trial preparation had been completed and a jury selected before the petitioner changed his plea. It assaults the court's common sense to be asked to believe that during a noon recess in conference with his attorney, the threats like a delayed time bomb exploded and destroyed his will to plead not guilty.

Moreover, the current allegations are inconsistent with his sworn allegations in

CIV–73–756–D that his plea of guilty was entered only because his court-appointed attorney had informed him that a plea bargain had been arranged whereby he would be sentenced to no more than 15 years imprisonment; the sentence would be imposed pursuant to 18 U.S.C. § 4208(a)(2); and the State of Oklahoma would drop any pending State charges. The petitioner would now have the court believe that he has always before lied to the court but that he is finally telling the truth. The petitioner will not be permitted to so likely disavow his own statements and substitute those of an imaginative writ-writer. This court takes seriously the declarations the petitioner made at the time that he entered his plea of guilty. As stated by the court in *United States v. Woosley*, 440 F.2d 1280 (CA8 1971):

"Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of the belated misgivings about the wisdom of the same."

In *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) the Supreme Court held that full compliance with Rule 11 did not per se preclude a collateral attack. The court recognized that when a defendant expressly represents in open court that his plea is voluntary he " 'may not ordinarily' repudiate his statements to the sentencing judge". The exceptional circumstances dictating a different result in that case consisted of an uncounseled plea and detailed factual allegations which were given substance by hospitalization records tendered in support of his claim that his plea of guilty was involuntary because of fear, coercive police tactics and illness, including mental illness. Here no such circumstances exist. The petitioner was at all times represented by a highly competent court appointed attorney with whose services the petitioner advised the court at the time of his plea that he was well pleased. The petitioner's allegations contradict his Rule 11 answers and there is no documentation submitted in support of his allegations. In *Hedman v. United States*, 527 F.2d 20, 22 (CA10 1975) the court stated:

"Without doubt, the record of the Rule 11 proceedings are part of the 'records' contemplated by § 2255 and is intended to facilitate the disposition of post-conviction actions, such as this, where claims of an involuntary plea and ineffective counsel are raised. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). We believe that the district court in this case was not required to conduct an evidentiary hearing when appellant's allegations merely contradicted his earlier statements. In our view, the truth and accuracy of Hedman's statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements. Hedman's § 2255 allegations of an involuntary plea and the lack of effective counsel were completely and conclusively refuted by his earlier statements and were insufficient to trigger the hearing requirement of § 2255. *Hampton v. United States*, 504 F.2d 600 (10th Cir. 1974); *Robinson v. United States*, 474 F.2d 1085 (10th Cir. 1973)."

So too here, there is no believable reason to disregard the apparent truth of petitioner's Rule 11 admissions to the court and the court concludes that the records examined by the court completely and conclusively show that the petitioner is entitled to no relief. Therefore the court is not required to conduct an evidentiary hearing concerning the voluntariness of petitioner's plea.

Finally, the petitioner's contention that this court in imposing sentence considered an Oklahoma conviction which was constitutionally invalid in violation of the principle enunciated in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) is totally without merit. Before sentencing the court enumerated the petitioner's prior convictions set forth in the presentence report. The absence of counsel at the time of the Oklahoma conviction was pointed out to the court by the petitioner and the court stated:

"THE COURT: On the basis of your statement to the Court, this 1960 Conviction at Hobart, Oklahoma will be disregarded and the Court, in sentencing this Defendant, likewise disregards any other prior encounter that this Defendant has had with law enforcement. Anything further?

This was a very aggravated bank robbery. Not only did you rob a bank by force and with guns, but you took the victims to their home, nailed them in closets and set the house on fire, according to the information before me. I can't imagine anything more violent than this.

It is therefore the judgment and sentence of the Court that the Defendant Robert Dewan Dennis, on his plea of guilty in this case be sentenced to the custody of the Attorney General for a period of 25 years." (Sent.Tr. p. 5, 6.)

Directly in point is the statement of the court in *United States v. Green*, 483 F.2d 469, 470 (CA10 1973):

"The next point advanced is that one of the prior convictions of the accused is invalid because appellant was not represented by counsel. He relies on *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, (1963) and the Supreme Court's more recent decision in *United States v. Tucker*, supra. The *Tucker* case required a resentencing where the trial court had explicitly considered two convictions which were later vacated on the basis of the Supreme Court's ruling in *Gideon v. Wainwright*, supra. Here, however, the trial court indicated that it did not take into account the conviction in question. The judge disavowed any reliance upon the prior conviction. Hence, the case is distinguished from *Tucker* and the sentence is not invalid on this account. See *United States v. DeVore*, 423 F.2d 1069, 1075 (4th Cir.) 1970; *United States v. Trice*, 412 F.2d 209, 210 (6th Cir.) 1969."

Accordingly, the Motion Pursuant to Title 28 U.S.C. § 2255 to vacate the judgment and sentence of this court in case No. CR–72–16 will be denied together with the motions ancillary thereto for a protective order, the appointment of counsel, and the production of witnesses.

IT IS SO ORDERED.