**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jean CROSS, Defendant-Appellant.**

**No. 83–1591.**

United States Court of Appeals,
Tenth Circuit.

May 30, 1984.

Patrick H. Kennedy, Albuquerque, N.M., for defendant-appellant.

Presiliano Torrez, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., and Larry Gomez, Asst. U.S. Atty., Albuquerque, N.M., with him on brief), for plaintiff-appellee.

Before McWILLIAMS and LOGAN, Circuit Judges, and COOK, District Judge.*

McWILLIAMS, Circuit Judge.

■ Jean Cross and two men were arrested in connection with the delivery of some thirty-one pounds of cocaine to undercover agents. Pursuant to a plea bargain between her appointed counsel and the United States Attorney, Cross pled guilty to an information charging one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1982).[1] At the time she entered her guilty plea, Cross was fully advised of her rights, and inquiry by the court indicated that there was a factual basis for her plea. About a month later, Cross filed three *pro se* motions, including a motion for substitution of counsel and a motion to withdraw her guilty plea. Shortly thereafter, Cross's court-appointed attorney was allowed to withdraw from the case, and other counsel was appointed. The district court held several evidentiary hearings and denied Cross's motion to withdraw the guilty plea. Cross was thereafter sentenced to ten years imprisonment. She appeals. We affirm.

A motion to withdraw a plea of guilty filed prior to the imposition of sentence is governed by Fed.R.Crim.P. 32(d). The rule provides that the court *may* permit the plea withdrawal "upon a showing by the defendant of any fair and just reason." Both parties agree that a district court has discretion in the matter, and Cross claims that in the instant case the district court abused that discretion. We do not agree.

The initial basis for Cross's plea withdrawal motion was a claim that she was induced to plead guilty because of threats made to her daughter by unknown persons who were themselves involved in drug trafficking. Cross testified that she pled guilty in the belief that by so doing she would somehow be protecting her family. She said that, after pleading guilty, her family told her to forget about them and think of herself, and it was at that point she determined to seek to withdraw her plea of guilty.[2]

The district court held an extended evidentiary hearing into this claim and rejected it. The court found that these alleged threats were not, in fact, the reason Cross sought to change her plea. Rather, the court was of the view that certain testimony adduced at an *in camera* proceeding was the true cause for her change of heart. In this regard, counsel had requested a pre-sentence *in camera* hearing in an effort to persuade the trial court that Cross was worthy of either probation or a reduced sentence. This hearing, however, did not turn out as favorably as Cross might have wished, and the trial court concluded that this fact was the motivating force behind Cross's decision to withdraw her guilty plea.

Cross later presented a second ground for withdrawal of her plea of guilty, which was based on alleged promises which were not kept. The district court, after another evidentiary hearing, rejected this also. In this connection, Cross testified that prior to the time the present proceedings were instituted against her in the United States District Court for the District of New Mexico, she voluntarily assisted the Atlanta office of the Drug Enforcement Administration by giving them information concerning drug activities in that area.[3] Cross testified that she had lied when she told the

---

* Honorable H. Dale Cook, Chief Judge of the United States District Court for the Western District of Oklahoma, sitting by designation.

1. In exchange for Cross's guilty plea, the government dismissed a three-count indictment charging Cross with the possession of cocaine with an intent to distribute, the distribution of cocaine, and interstate travel in aid of racketeering, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2.

2. Of course, at the time she entered her plea, Cross specifically denied that she was pleading guilty because of any threats or outside pressure.

3. Her cooperation with the DEA office in Atlanta was also offered by Cross at the *in camera* proceeding referred to *supra*, where she sought to show mitigating circumstances.

district court at the time she pled guilty that no promises had been made to her. In fact, she claims, a DEA agent in Atlanta had promised that he would "clear up" the New Mexico charges. The DEA agent in question testified that he never promised that Cross would not serve time in prison, but that he had indicated he would try to help in having Cross's bond reduced and would also advise the proper New Mexico authorities concerning Cross's cooperation with the Atlanta office. The district court, on the basis of the record before it, rejected the claim of unkept promises and later imposed sentence.

As mentioned, counsel agree that the withdrawal of a guilty plea before sentencing is not a matter of right, but a matter of discretion. *Dorton v. United States,* 447 F.2d 401, 411 (10th Cir.1971). The test in reviewing an order denying a motion to withdraw a plea of guilty prior to sentencing is whether such action, on the basis of the record, constitutes an abuse of discretion. *United States v. Hancock,* 607 F.2d 337 (10th Cir.1979). "Unless it appears that the court acted unjustly or unfairly, there is no abuse of discretion." *Johnson v. United States,* 485 F.2d 240, 241 (10th Cir.1973).

■ In *Hancock,* we found an abuse of discretion where the trial court, without explanation, denied defendant's motion to withdraw his guilty plea prior to sentencing. In that case, no hearing was held to allow the defendant to develop support for his motion. In this case, however, the district court conducted full evidentiary hearings into each of Cross's claims.

As concerns the record in the case before us, Cross's court-appointed attorney testified that in her judgment Cross had no basis in law or fact for withdrawing her plea. Two of Cross's children, the DEA agent in question, an FBI agent and the defendant herself also testified during the course of the hearings. On the basis of all of the testimony, the court concluded that there was no evidence that the DEA agents had made any promises to Cross that they had not kept. Moreover, the court found

that Cross decided to withdraw her plea not because of any outside threats but because her son had pressured her to do so for reasons of his own. Further, the court was convinced that Cross had in fact assisted the government on prior occasions, and, accordingly, stated that he was imposing a reduced sentence. We are not inclined to disturb the district judge's resolution of the matter. He, rather than a reviewing court, is in a much better position to evaluate a matter of this sort. We perceive no abuse of discretion. See *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *Barker v. United States,* 579 F.2d 1219, 1223 (10th Cir.1978).

Judgment affirmed.