833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emma BAILEY, Defendant-Appellant.
 No. 87-5622.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1987.
 
 Before BOYCE F. MARTIN, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Emma Bailey appeals her conviction, pursuant to a guilty plea, for failure to file a currency transaction report in violation of 31 U.S.C. Sec. 5313 (1976). Defendant, on appeal, contends that the district court abused its discretion in sentencing her to a period of incarceration. We find no merit in this contention and affirm the judgment of the district court.
 
 
 2
 On February 21, 1984, Bailey cashed $8,000.00 worth of treasury note coupons belonging to C.H. Butcher, Jr., an adjudicated bankrupt, knowing that earlier on the same day he had cashed an additional $8000.00 worth of treasury note coupons through a third party. Bailey stated that she did not know the effect of the bankruptcy adjudication on Butcher's ability to transact his business, i.e., liquidate his assets, but did know that the cashing of $16,000.00 worth of treasury note coupons in one day required the filing of a currency transaction report, which she did not file.
 
 
 3
 On April 16, 1986, Bailey was indicted in Case No. CR-3-86-43 and charged with violations of 18 U.S.C. Sec. 371 (1964), conspiracy to commit offenses against the United States, and 31 U.S.C. Sec. 5322(b) (1976), failure to file a currency transaction report. On November 13, 1986, a superseding indictment, No. CR-3-86-08, was filed which charged Bailey with violations of 18 U.S.C. Sec. 371, supra, and 18 U.S.C. Sec. 152 (1964), concealing assets from a trustee in bankruptcy.
 
 
 4
 On April 9, 1987, Bailey pled guilty pursuant to a plea agreement under Fed.R.Crim.P. 11(e)(1)(b). Pursuant to the agreement, she pled guilty to Count Three of CR-3-86-43, failure to file a currency transaction report. The court, pursuant to a motion filed by the government, dismissed all other charges against her.
 
 
 5
 Bailey, by entering her plea, subjected herself to a maximum punishment of one year incarceration and a fine of $1000.00. The government recommended that any sentence of imprisonment be suspended and she be placed on probation for two years. The plea agreement, however, stated that the court could impose the sentence provided for by law.
 
 
 6
 On April 10, 1987, the court had a bench conference with the parties and discussed the terms and conditions of the proposed agreement. Both Bailey and her counsel were advised that she could receive the maximum sentence under law. Both acknowledged their understanding of this possibility and the plea agreement was accepted by the court.
 
 
 7
 On May 21, 1987, Bailey was sentenced, pursuant to 18 U.S.C. Sec. 3651 (1982), to one year imprisonment and fined $1000.00. The sentence of imprisonment was suspended except for five months and twenty-nine days which was ordered to be served in a "jail type" facility. Bailey was placed on supervised probation for three years with the probationary period to commence upon her release from the facility. She was also ordered to give full and total cooperation with the bankruptcy trustees for the bankrupt estates of C.H. Butcher, Jr. and Shirley Butcher. Another condition required her to make two speeches, during each year of her probation, at Union County High School on the duties and obligations of citizenship and the consequences for failure to obey the laws of our country.
 
 
 8
 Bailey was ordered to surrender, at her own expense, to the Federal Correctional Institution in Lexington, Kentucky on Friday, June 5, 1987, to begin serving her sentence. She was allowed to remain free on bond pending that reporting date.
 
 
 9
 On June 1, 1987, Bailey filed a notice of appeal and a motion requesting that she be allowed to remain free pending the appeal of the district court's judgment. Further, she requested that her sentence of imprisonment be stayed until the disposition of her appeal. On June 2, 1987, the court extended her reporting date to June 12, 1987.
 
 
 10
 On June 11, 1987, the district court denied Bailey's motion finding that her appeal failed to raise a substantial question of law or fact likely to result in reversal and an order for new trial or a sentence that does not include a term of imprisonment. The court concluded that her appeal was, in fact, for the purpose of delay. Bailey therefore reported to the Federal Correctional Institution on June 12, 1987. On June 15, 1987, she filed, in the United States Court of Appeals for the Sixth Circuit, an application for release pending appeal and a motion for expedited appeal.
 
 
 11
 On July 21, 1987, the district court, having received letters from Bailey and her family asking the court for leniency, ordered that those letters be filed and treated as a motion for relief under Fed.R.Crim.P. 35. On July 23, 1987, Bailey also filed, in district court, a supplemental motion for reduction of sentence pursuant to Fed.R.Crim.P. 35.
 
 
 12
 On July 29, 1987, Bailey filed a motion requesting this court to remand her case to the district court for consideration of her Rule 35 motion. Bailey recognized that her appeal had transferred jurisdiction to the court of appeals, thereby divesting the district court of its authority to rule on her Rule 35 motion. On August 21, 1987, this court entered an order denying Bailey's motion for remand. The court pointed out that pursuant to Rule 35(b), Bailey retained the right to renew her motion in the district court within 120 days after a mandate by this court affirming her sentence or dismissing her appeal.
 
 
 13
 The standard of review applied by this court when reviewing a lower court's sentencing decision is abuse of discretion. In 1973, this court stated:
 
 
 14
 [t]his Court has long declined to interfere in a district court's imposition of sentence except in the most extraordinary circumstances.... 'The sentencing of one convicted of a crime is largely dependent on matters which are within the knowledge, experience and judgment of the sentencing court. For this reason the District Courts are given broad discretion in assessing punishment within the limits of the various federal statutes. On appeal this Court will not disturb that sentence unless there has been a gross abuse of discretion.'
 
 
 15
 United States v. Lowe, 482 F.2d 1357, 1358 (6th Cir.1973) (per curiam) (emphasis added) (quoting United States v. Latimer, 415 F.2d 1288, 1290 (6th Cir.1969)).
 
 
 16
 This court has held that there are basically two exceptions to the rule that a sentencing decision by a district court is unreviewable when it falls within statutory limits. The exceptions arise when the court:
 
 
 17
 (1) [relies] upon erroneous or improper factors or information in sentencing so as to amount to a gross abuse of discretion; and
 
 
 18
 (2) [fails] to evaluate the sentencing information submitted, or total failure to exercise discretion.
 
 
 19
 United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982).
 
 
 20
 Bailey has three challenges to the lower court's judgment. She contends the court abused its discretion by:
 
 
 21
 (1) sentencing her to a period of incarceration after recognizing specific, compelling reasons to grant her probation;
 
 
 22
 (2) considering the fact that she was "structuring transactions" for C.H. Butcher, Jr., in an effort to help him hide and liquidate his assets; and
 
 
 23
 (3) considering she breached her fiduciary duty as an officer of the bank.
 
 
 24
 When sentencing Bailey, the lower court did note several factors which would warrant probation:
 
 
 25
 The Court says to you that there are so far some compelling reasons to place you on probation: Your prior record; your community ties; your family relationship and support, which are commendable; your health. The Court also recognizes the tribulations that you have undergone as a result of being cast in these proceedings as the Defendant and the price that that's extracted and in like fashion the Court is satisfied, almost, that rehabilitation or your future conduct is not a matter of major concern.
 
 
 26
 J.App. 260.
 
 
 27
 In light of these factors, the court also noted several countervailing considerations. The court specifically noted deterrence and retribution.
 
 
 28
 Bailey's first contention is that the court abused its discretion by allowing its concerns for "societal retribution" and "general deterrence" to outweigh the "compelling reasons" it noted for granting her probation. In United States v. Barbara, 683 F.2d 164, 167 (6th Cir.1982), this court stated:
 
 
 29
 [The district judge] considered all of the sentencing information placed before him in light of the traditional sentencing factors: rehabilitation, individual deterrence, general deterrence, protection of society, and societal retribution. Apparently ... [he] considered the societal retribution and the general deterrence factors to be the most important. It was well within his discretion for the district judge to make such a determination.
 
 
 30
 (Emphasis added).
 
 
 31
 In light of the above, Bailey's first contention is meritless. In this case, the district court made a thoughtful and thorough analysis and, in its discretion, determined that "societal retribution" and "general deterrence" outweighed all other evidence presented on Bailey's behalf. This was not improper.
 
 
 32
 Next, Bailey contends that the court wrongfully considered that she was "structuring transactions" for Mr. Butcher. She claims the court erroneously believed and relied upon the fact that she was part of a conspiracy which existed to defraud the bankrupt estate of Butcher. She contends this is seen through the court's inquiries at the sentencing hearing. While the court did make several inquiries concerning the structuring of transactions for Butcher and Bailey's involvement therein, the government contends that the court was acting well within its authority. The inquiries were made in open court and in an attempt to ascertain the facts surrounding Bailey's failure to file the required currency transaction report. The inquiries by the court were certainly relevant to Bailey's plea of guilty to that charge. In fact, this court has stated:
 
 
 33
 It is surely true ... that a trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.
 
 
 34
 United States v. Fraser, 709 F.2d 1556, 1560 (6th Cir.1983) (quoting United States v. Tucker, 404 U.S. 443, 446 (1972)).
 
 
 35
 Thus, it was not an abuse of the lower court's discretion to inquire about the structuring of transactions nor was it a factor erroneously relied upon.
 
 
 36
 Bailey's final contention is that the court erroneously relied upon the fact that she was an officer of the bank in a high position of trust who had breached her fiduciary duty. She contends the court did not understand her position at the bank. She states that she was an "officer by title" only and had no decision-making authority over anyone. Further, she states the position was created for her when she was no longer able to work as a teller due to her health problems. She also contends that there is no deterrence by incarcerating her because there is not a similar class in the work force to deter.
 
 
 37
 The lower court did consider her fiduciary duty as a bank officer as a factor in her sentencing. The court stated:
 
 
 38
 [T]he Court must consider the public interest and the other appropriate considerations in reaching a judgment as to the proper sentence to impose, such as deterrence, to discourage others from similarly violating the law and also to make an example of the price that has to be paid when one turns one's back on the law and also breaks or violates a position of trust, of fiduciary duty.
 
 
 39
 The banking business is an important enterprise in this country. It's important that the public have confidence in the banking business. It involves the taking of the public's money for deposit for investments. It's a trust and you are an officer of the bank. You had duties fixed by law and you admittedly breached those duties and in the very simplest terms and plainest terms the Court must also consider a part of the public interest and the legitimate concerns that must be considered in making the judgment in sentencing, the example it will set so far as the public concerned.
 
 
 40
 J.App. 262-63.
 
 
 41
 The government contends the court did not abuse its discretion and that it properly considered Bailey's duty as a bank officer. The government cites United States v. Brubaker, 663 F.2d 764 (7th Cir.1981), which was quoted in Barbara, where the court sentenced a bank trust officer for embezzlement and stated that the general deterrence value of a severe sentence and the violation by the defendant of a high position of trust outweighed the past good work of the defendant and the love, trust and respect given him by several responsible people. Brubaker, 663 F.2d at 769.
 
 In Barbara, this court stated:
 
 42
 Further, we agree with the district court that the public needs to be aware that activities such as those in which the appellant engaged in the practice of law provide the basis for severe punishment. This is true for two reasons: to deter others who are in positions of trust and confidence from committing similar fraudulent acts; and to avoid dilution of the public's confidence in the legal system and others important institutions of society. The district judge did not abuse his discretion in holding that appellant, who is in a fiduciary position, should be held to high standards.
 
 
 43
 Barbara, 683 F.2d at 167 (Emphasis added).
 
 
 44
 Bailey was in a fiduciary position by virtue of her job at the bank. Even if she was only an "officer by title", she was still in a position of trust and honor. She breached this duty and it was not improper for the lower court to consider this breach and its impact upon the public in its sentencing of her.
 
 
 45
 Thus, the lower court properly considered all factors in reaching its conclusion to sentence Bailey to a period of five months and twenty-nine days in a "jail-type" facility. In so sentencing Bailey, the lower court did not grossly abuse its discretion.
 
 
 46
 Accordingly, the judgment of the lower court is AFFIRMED.