**UNITED STATES of America,**
**Appellant,**

v.

**James S. DUARDI et al., Appellees.**

**UNITED STATES of America,**
**Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION, and the Honorable John W. Oliver, Respondent.**

**Nos. 74–1904, 75–1037.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1975.

Decided April 1, 1975.

Michael De Feo, Atty., Dept. of Justice, Organized Crime and Racketeering Section, Kansas City, Mo., for United States.

Lewis E. Pierce, Kansas City, Mo., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

ROSS, Circuit Judge.

On December 7, 1972, these defendant-appellees were convicted under 18 U.S.C. § 371 of conspiring to violate 18 U.S.C. § 1952. On April 20 and September 10, 1973, the defendants were sentenced pursuant to the provisions of 18 U.S.C. § 4208(b). They appealed to this Court at that time, and their convictions were affirmed. United States v. Bishop, 492 F.2d 1361 (8th Cir.), cert. denied, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974).

Prior to the trial the government filed with the district court a notice of its intention to seek application of the provisions of 18 U.S.C. § 3575 because it believed that the defendants were dangerous special offenders.[1] This notice was served upon the defendants and

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 18 U.S.C. § 3575, part of Title X of the Organized Crime Control Act of 1970, Pub.L. No. 91–452, 84 Stat. 922, provides for special sentencing procedures under which convicted felons over 21 years of age who are found "by a preponderance of the information" at a sentencing hearing to be "dangerous special offenders" can be sentenced to an additional 25 years imprisonment based on that finding.

then sealed for the duration of the trial. After trial, on January 3, 1973, the court noted in a memorandum and order that it would consider the application of section 3575 and ordered the parties to respond. Further responses and a statement of evidence to be utilized by the government in the section 3575 hearing were ordered by the court on February 28, 1973. After some extensions the question of the application of the special offenders statute was postponed until after the utilization of the section 4208(b) sentencing procedure. Defendants were sentenced thereunder and agreed that the government's right to seek application of section 3575 would not be prejudiced.

After the convictions were affirmed on appeal the trial court on September 17, 1974, noted its receipt of the evaluations and recommendations pursuant to section 4208(b) and ordered further responses by the parties to the issue of the application of the special offenders statute. Subsequently, on November 12, 1974, the court sustained the defendants' motion to dismiss the section 3575 notice and denied the government's motion for leave to amend the notice.[2] The government appeals from this order of dismissal under 18 U.S.C. § 3576, which provides for review of the sentence given under section 3575. Alternatively, the government has petitioned this Court for a writ of mandamus ordering the district judge[3] to proceed with the hearing and other procedures required by the special offender statute.

We hold that this Court does not have jurisdiction to decide this appeal because there has been no final decision in the district court as required by 28 U.S.C. § 1291. We also hold that a writ of mandamus is not required in the circumstances of this case.

## I.

The final judgment rule is well established in our jurisprudence and is predicated on the basic policy of prohibiting piecemeal interlocutory appeals in the federal courts. Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963); Cobbledick v. United States, 309 U.S. 323, 324–325, 60 S.Ct. 540, 84 L.Ed. 783 (1940). There are few exceptions to the rule, and the rule applies with special force in criminal prosecutions. DiBella v. United States, 369 U.S. 121, 126, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). Particularly pertinent here is the oft-enunciated principle that in criminal cases final judgment means sentence. "The sentence is the judgment." Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377 (1956); Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937); United States v. Wilson, 440 F.2d 1103, 1104 (5th Cir.), cert. denied, 404 U.S. 882, 92 S.Ct. 210, 30 L.Ed.2d 163 (1971).

The parties agree and it is clear from the record that the trial judge has not yet entered the final sentences on the conspiracy convictions. Rather, under 18 U.S.C. § 4208(b), he has merely placed the defendants in the custody of the Attorney General for study and recommendation. By the very terms of that statute he may now place the de-

---

**2.** In a memorandum and order the district court indicated five reasons for its ruling on the section 3575 notice: (1) the original notice did not comply with the statutory requirement that it state "with particularity" the reasons defendants were considered to be dangerous special offenders; (2) the statute allows amendment before trial only; (3) the government's interpretation of the statute would render it unconstitutional by violating the defendants' rights to confront witnesses against them, to be proven guilty of crimes beyond a reasonable doubt and to be tried by a jury; (4) the government's proposal would violate the due process clause in having the judge convict

the defendants of other crimes not charged on a standard lower than reasonable doubt and give sentences on the basis that such crimes indicated "dangerousness;" (5) the statute's definition of "dangerous" was unconstitutionally vague and overbroad. United States v. Duardi, 384 F.Supp. 874 (W.D.Mo.1974).

In light of our disposition of this appeal, *infra*, we need not and do not address these issues regarding the notice in this case and the constitutionality of the statute as sought to be applied.

**3.** The Honorable John W. Oliver, United States District Judge, Western District of Missouri.

fendants on probation, affirm the term of sentence originally imposed or reduce that sentence. It is, therefore, clear that there has been no "final judgment," as that term is defined in criminal cases, and that an appeal will not lie at this time under 28 U.S.C. § 1291.

The government argues that the provisions of 18 U.S.C. § 3576 allow it to appeal the court's order now. In pertinent part section 3576 provides:

> With respect to the imposition, correction, or reduction of a sentence after proceedings under section 3575 of this chapter, *a review of the sentence* on the record of the sentencing court may be taken by the defendant or the United States to a court of appeals. Any *review of the sentence* taken by the United States shall be taken at least five days before expiration of the time for taking a *review of the sentence* or appeal of the conviction by the defendant and shall be diligently prosecuted. (Emphasis supplied.)

We see nothing in this statute which indicates any intention to create an exception to the final judgment rule embodied in 28 U.S.C. § 1291 and a large body of judicial precedent. This language merely purports to give the government the same right to appeal the sentence under section 3575 as the defendant has.

However, while we hold that section 3576 does not alter the proper time for appeal under the final judgment rule, we note that it does ensure that any order dealing with "imposition, correction, or reduction of a sentence" under section 3575 can be reviewed on application of the defendants or the government. Indeed, defendants' counsel conceded during oral argument to this Court that the trial judge's order dismissing the special offender notice would be subject to review by the court of appeals after final judgment is entered just like any other allegedly erroneous action taken before, during or after the trial.

II.

■ A writ of mandamus is an extraordinary remedy, and it should be invoked only when there are "exceptional circumstances amounting to a judicial 'usurpation of power'." Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). *See* 9 J. Moore & B. Ward, Moore's Federal Practice, ¶ 110.28, at 306–314 (2d ed. 1973). Mandamus should be especially sparingly used in criminal cases. *Id.* at 314.

■ With these general principles in mind we are convinced that such a writ is unnecessary in the circumstances of this case. As indicated in Part I of this opinion, Judge Oliver's order dismissing the special offender notice and the resultant failure to hold a sentencing hearing under section 3575 will be fully reviewable at the proper time. Similarly, there is every reason to believe that the trial judge will act expeditiously to enter the sentences on the conspiracy convictions. The only reason he has not already done so is his expressed belief that the government's appeal from his November 12 order deprived the district court of jurisdiction over the proceedings. Our holding in Part I, to the effect that the court of appeals does not have jurisdiction until a final judgment has been entered, should resolve this dilemma and allow the district court to proceed with the sentencing.

The government's appeal in No. 74–1904 is dismissed for lack of jurisdiction. The petition for writ of mandamus in No. 75–1037 is denied.