UNITED STATES of America,
Plaintiff-Appellant,

v.

Joseph C. ILACQUA,
Defendant-Appellee.

No. 76–2611.

United States Court of Appeals,
Sixth Circuit.

Argued April 8, 1977.

Decided Sept. 26, 1977.

Rehearing and Rehearing En Banc
Denied Nov. 30, 1977.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Edwin J. Gale, Dept. of Justice, Providence, R. I., William C. Brown, Appellate Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Paul Mancino, Jr. (Court appointed—CJA), Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Defendant Joseph Ilacqua was convicted in a jury trial of possession of 1,097 cases of liquor stolen from an interstate shipment, in violation of 18 U.S.C. § 659 (1970) and of conspiracy to commit that act, 18 U.S.C. § 371 (1970).[1]

Before trial, the government timely filed a notice that if Ilacqua were convicted on the above charges, it intended to seek an enhanced sentence against him as a danger-

---

1. Ilacqua's conviction of these offenses is affirmed in an opinion issued concurrently herewith in appeals 76–2610 and 76–2612. That opinion, while necessarily lengthy to cover the numerous issues raised, was not deemed of sufficient precedential value to warrant its publication.

ous special offender, as authorized by 18 U.S.C. § 3575, *et seq.* (1970).[2]

To invoke the statutory provisions for an enhanced sentence, the attorney charged with the prosecution of the offender is required to file with the court before trial, a notice:

(1) specifying that the defendant is a dangerous special offender who upon conviction for such felony, is subject to the imposition of a sentence under subsection (b) this section, and

(2) setting out with particularity the reasons why such attorney believes defendant to be a dangerous special offender.

18 U.S.C. § 3575(a)(1) and (2).

Section 3575(f) provides:

(f) A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant.

18 U.S.C. § 3575(f).

At issue in this appeal is what language satisfies the requirements of subsection (2) of § 3575(a) that the notice set forth "with particularity" the reasons why such attorney believes the defendant to be a dangerous special offender.[3] In an effort to comply with that requirement, the government incorporated the following language in paragraph 3 of its notice:

3. That the defendant is a *dangerous* offender within the meaning of Title 18, United States Code, Section 3575(f) based on the following:

a) Defendant ILACQUA has five previous felony convictions including: a 1949 conviction for grand larceny, a 1953 conviction for burglary and the possession of burglary tools, a 1966 conviction for burglary and grand larceny, and the two

felony convictions which are described in paragraph 2 above.[1]

> [1] Defendant ILACQUA was convicted in Cleveland, Ohio, on December 19, 1963, for the forced entry of a deposit box for which he was given a sentence of 7–12 years incarceration;
>
> Defendant ILACQUA was convicted in United States District Court for the Northern District of Ohio on or about June 10, 1971, for violating Title 18, United States Code, Section 659 for which he was given six months incarceration and four and one half years probation. The defendant was imprisoned and not released until on or about December, 1971.

b) Defendant ILACQUA was convicted in 1971 of violating Title 18, United States Code, Section 659. At the request of the defendant ILACQUA, the federal probation, which was imposed on him by this Court as a result of that conviction was terminated in 1974, upon defendant's representation that such termination was necessary to enable him to gain legitimate employment.

c) Defendant's history indicates that he is not subject to rehabilitation and that a long period of separation from society is required to protect the public from his continuing criminal activity.

On motion of the defense, the trial court dismissed the government's petition to proceed under the Act because in its opinion, the foregoing language represented insufficient compliance with the "particularity" requirement:

. . . the government has failed to comply with the mandatory specific provisions of the statute, which clearly set forth that the petition must set forth with particularity the reasons why the attorney believes the defendant to be a Dangerous Special Offender and not just merely the statement of the crimes.

The trial court thereupon proceeded to sentence the defendant without employment of

---

2. Title 21 contains another provision for enhancing the sentences of dangerous special *drug* offenders. 21 U.S.C. § 849 *et seq.* (1970). The parallels between 18 U.S.C. § 3575 and 21 U.S.C. § 849 are outlined in *United States v. Tramunti*, 377 F.Supp. 6 (S.D.N.Y.1974), *modified in part on other grounds* 513 F.2d 1087 (2d Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

3. The adequacy of the notice to meet the requirements of § 3575(e) is not challenged. The facts alleged in the notice clearly show him to fall in the "habitual" offender category of § 3575(e)(1) and thus adequately indicate that he is a *special* offender.

the Act and the government has appealed from that sentence under § 3576.[4] We reverse.

■ At the outset, the defendant urges that since there was no "imposition" of sentence within the meaning of § 3576, there can therefore be no government appeal, pointing to *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1969), as support for the proposition that statutes allowing government appeals in criminal cases are strictly construed. This claim is without merit.

■ Our circuit has implicitly recognized the government's right to appeal from the trial court's refusal to entertain the petition in *United States v. Stewart,* 531 F.2d 326 (6th Cir.), cert. denied, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976), although the Court did not expressly address that question. See also like recognition in *United States v. Neary,* 552 F.2d 1184 (7th Cir. 1977); *United States v. Bailey,* 537 F.2d 845 (5th Cir. 1976); *United States v. Kelly,* 519 F.2d 251 (8th Cir. 1975). Likewise, the legislative history of the Organized Crime Control Act of 1970, of which § 3575 and § 3576 are a part, indicates that the government was intended to have the right to appeal under such circumstances:

> The Government may obtain review of the failure to impose any special sentence or the sentence imposed.

S. Rep. No. 91–617, 91st Cong., 1st Sess. 166 (1969).

While, as a general proposition, criminal statutes are to be strictly construed in favor of the defendant, we decline to apply the principle where "the [legislative] history is unambiguous and the text consistent with it." *Scarborough v. United States,* 431 U.S. 563, 577, 97 S.Ct. 1963, 1970, 52 L. Ed.2d 582 (1977).

Defendant's reliance upon *United States v. Duardi,* 514 F.2d 545 (8th Cir. 1975), is misplaced. That decision merely held that a court of appeals lacks jurisdiction to consider a government appeal prior to the imposition of sentence since no final judgment has been reached. At the same time it recognized that an order dismissing a dangerous special offender petition would be "fully reviewable" after sentence. *Id.* at 548. The Eighth Circuit eventually did review the order in question in *United States v. Duardi,* 529 F.2d 123 (8th Cir. 1975).

■ Turning to the principal question on this appeal of what constitutes sufficient "particularity" under § 3575(a)(2), we reject in the first instance the government's claim that its assertion that defendant was a "special offender" under § 3575(e)(1) was itself sufficient compliance with the particularity requirement of § 3575(a)(2). In light of the express language of the statute, we do not believe that the government may so lightly dispense with the notice requirement concerning dangerousness. In *United States v. Kelly, supra,* the court rejected a similar government argument where the notice merely set forth in statutory and conclusory language:

> The defendant is dangerous within the meaning of Title 18, United States Code, Section 3575(f) requiring that a period of confinement longer than that provided for the offense for which he was convicted, Title 18—Appendix, United States Code, Section 1202(a)(1), to protect the public from further criminal conduct by said defendant.

519 F.2d at 255.

We also agree with the Seventh Circuit in *United States v. Neary,* that the determination of special offender status and of dangerousness represent different concepts:

> We note a marked difference between the type of issue to be decided by a finding of special offender status under § 3575(e) and the type of issue decided by a finding of dangerousness under § 3575(f). The former involves historical facts, either prior convictions (under (e)(1)) or the character and concomitants of the offensive conduct (under (e)(2) and (3)). The latter essentially involves both evaluation of the character of the defendant and a prediction of future conduct,

4. Section 3576 provides:

> With respect to the imposition, correction, or reduction of a sentence after proceedings under section 3575 of this chapter, a review of the sentence on the record of the sentencing court may be taken by the defendant or the United States to a court of appeals.

matters which are traditionally left to wide discretion of a sentencing court. Because of this difference, we conclude that the essential function of a finding of special offender, under (e), is to expose the defendant to a sentence of imprisonment longer than the maximum prescribed by the statute under which he has been charged and convicted, but not exceeding twenty-five years, and that the essential functions of a finding of dangerousness, under (f), is to determine whether and to what extent a sentence in excess of the maximum for the particular offense is appropriate.

552 F.2d at 1193–94.

■ The express statutory requirements of the notice are designed, we think, to assure that, before invoking the Act, the prosecutor has himself made a judgment based upon a separate and informed consideration of the two concepts. As the Senate Report concluded, " '[d]angerousness' may be inferred, *although not necessarily,* from the establishment of the requirements of subsection (e) [special offender status]." S. Rep. 91–617, 91st Cong., 1st Sess. 166 (1969) (emphasis added).[5] While the same evidence may establish that a defendant is both a special and dangerous offender, the statute requires the prosecutor to assess independently whether the defendant satisfies both criteria, setting forth the basis for his belief in the notice. The particularity requirement prevents a prosecutor from glossing over both concepts by the employment of boilerplate or conclusory language as, for example, in *Kelly.*

The prosecutor's decision is an important one in the administration of criminal justice and should not be lightly reached. It subjects the defendant to substantially increased penalties. Moreover, the demands upon the court's time at sentencing may even be greater than for the trial of the principal offense.[6]

■ An additional purpose of the notice provisions of § 3575, we think, is, at least in a rudimentary way, to alert the defendant to the special circumstances upon which the prosecution will rely to demonstrate to the court that he is dangerous.[7] We by no means indicate, however, that the prosecution or the court itself is limited to the scope of the petition, or any amendment thereto. That the hearing so provided need not be precisely confined to the allegations of dangerousness contained in the notice is, we think, apparent from the broad authority expressly given the district court to consider as well the contents of the presentence report and the further express provision of § 3577 that:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

■ With the foregoing considerations in mind, we conclude that the government's notice in this case substantially complies

---

**5.** Congress recognized that conduct which makes a defendant a special offender within the meaning of subsection (e) may also be sufficient to characterize him as a dangerous offender under subsection (f), although not necessarily, the circumstances varying on a case-by-case basis in accordance with the nature of the offenses and the quality of the defendant's participation in them.

**6.** In *Stewart,* the government proposed to call approximately 25 witnesses at the hearing on enhancement. *United States v. Stewart, supra,* 531 F.2d at 327.

**7.** The notice provisions of the Act do not stand alone to protect the defendant from surprise at the enhancement hearing. The government

may amend the notice. § 3575(a). The defendant is entitled to at least ten days advance notice of the hearing date, is entitled to counsel, compulsory process and, with limitations, to examination of the presentence report "sufficiently prior to the hearing as to afford a reasonable opportunity for verification". § 3575(b). As pointed out in *United States v. Stewart, supra,* 531 F.2d at 332, the Act provides far more due process protection for a convicted offender at a hearing on an enhanced sentence than is required in normal criminal prosecutions in either state or federal jurisdictions, where courts have historically exercised far wider freedom of discretion with fewer safeguards against potential abuse.

with the statutory requirement of particularity and that, therefore, the trial court erred in dismissing the petition on this account. Rather than relying merely upon the "special offender" requirements of subsection (e), the government prosecutors in the notice expressly set forth, as the basis for their opinion that defendant was a dangerous offender, the fact of five previous felony convictions: a 1949 conviction for grand larceny, a 1953 conviction for burglary and the possession of burglary tools, a 1966 conviction for burglary and grand larceny, a 1963 conviction for forced entry of a deposit box, and a 1971 conviction for possession of property stolen from interstate commerce—the same offense for which the defendant stands once more convicted in the instant case. In addition, the notice points out that in 1974, Ilacqua succeeded in obtaining termination of his probation by representing that it was necessary in order to gain legitimate employment. It is implicit from the allegations that he used the freedom so gained to resume his former criminal conduct and commit the most recent offenses for which he now stands convicted.

We conclude that the foregoing continued criminal conduct is precisely the type of behavior which the Congress intended to trigger the operation of the Act. The statute defines a dangerous defendant in simple terms. The definition does not in any way require that the defendant be dangerous in the sense of posing a hazard to the physical security of individuals or of the public at large. He need only be dangerous in the sense that a longer sentence is required to protect the public from his criminal conduct. The legislative history makes this point clear.

> "Dangerous" is not limited to a particular type of offense. Crimes against property or persons and "victimless" offenses, such as gambling, would be included . . .

S. Rep. 91–617, 91st Cong., 1st Sess. 165 (1969).

The inventory of crimes recited in the government's notice satisfactorily sets forth Ilacqua's dangerous nature.

▮ Accordingly, we hold that the requirement of particularity has been met here, both as evidence of the prosecution's independent evaluation of dangerousness and as rudimentary notice to the defendant of what the government will prove at the hearing. While the trial court has pointed to the fact that the notice was a mere recitation of past offenses, we do not find it inadequate on this account. The statute specifically allows for the verification of convictions and their admission into evidence in support of the petition. Beyond that, we find nothing unjust or irregular in a trial court's consideration at the hearing not only of the fact of conviction itself, but of the actual misconduct of the defendant which brought about the particular conviction.

In urging us to affirm the district's dismissal of the petition, the defendant offers numerous constitutional grounds unsuccessfully raised before the district court.

▮ Defendant's claim that § 3575 is unconstitutional as it can be invoked without indictment by a grand jury must fail in the view of the holding of our circuit in *Stewart, supra.* There we expressly held that the special dangerous offender statute provisions partook of the nature of a recidivist statute, 531 F.2d at 332, and as such, the feature of an enhanced sentence does not constitute a separate criminal charge requiring indictment by a grand jury. We likewise reject defendant's claim that § 3575 is unconstitutional as an *ex post facto* law or as a bill of attainder or because it subjects the defendant to double jeopardy. In *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Supreme Court disposed of the claim that a recidivist statute there under consideration operated retroactively as an *ex post facto* law simply because the offenses giving rise to defendant's status as an habitual offender took place before the effective date of the recidivist statute. The Court also concluded that the enhanced sentencing of a recidivist does not constitute a new jeopardy or an additional penalty for past crimes. *Id.* at 732, 68 S.Ct. 1256. Likewise, § 3575

is not a bill of attainder because the statute does not specifically single out the defendant for punishment but rather operates as a prohibition of general applicability. *United States v. Brown,* 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965); *United States v. Lovett,* 328 U.S. 303, 66 S.Ct. 303, 90 L.Ed. 1252 (1946).

■ Defendant's claim that the statute is unconstitutional as being a cruel and unusual punishment is likewise without merit. The statute provides full and adequate safeguards against abuse in the requirements of § 3575(b) that the sentence imposed be "not disproportionate in severity to the maximum term otherwise authorized by law for such felony" of which the defendant stands convicted in the case at bar. Full and adequate statutory protection is provided by the specific and comprehensive provisions for appellate review. Of course, no sentence has yet been imposed under § 3575 and thus the question of whether any specific penalty imposed is cruel and unusual is not before us in any event.

■ Finally, defendant claims that § 3575 is constitutionally infirm because it authorizes findings of fact based on a preponderance of the evidence rather than the constitutionally mandated standard of "beyond a reasonable doubt." *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). This claim is fully refuted in *Stewart, supra,* 531 F.2d at 334, by its express approval of the lesser standard of proof contained in the statute. We reemphasize that the enhancement statute is not a separate criminal charge.

Accordingly, the sentence imposed by the district court is vacated. The case is remanded for the district court to reinstate the government's petition and to conduct a hearing to determine whether Ilacqua qualifies for sentencing as a dangerous special offender.