974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip Charles GREEN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-6430.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This an appeal from a sentence that was enhanced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The main question we are called upon to decide is whether the federal courts must apply a state statute that would treat several earlier convictions of the defendant as one conviction. Answering this question in the negative, we shall affirm the sentence.
 
 
 2
 * The defendant, Phillip Charles Green, pleaded guilty to one count of being a felon engaged in a firearms transaction in violation of 18 U.S.C. § 922(g). The district court subsequently determined that Mr. Green came within the terms of 18 U.S.C. § 924(e)(1), which provides in pertinent part as follows:
 
 
 3
 "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony ... committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years...."
 
 
 4
 The district court's determination that § 924(e)(1) applied here was based on proof of Kentucky convictions for the following crimes: (1) a second-degree burglary committed by Mr. Green on September 28, 1983; (2) a second-degree burglary committed by Mr. Green on September 29, 1983; (3) an attempted second-degree burglary on October 4, 1983; and (4) two second-degree burglaries committed by Mr. Green on October 5, 1983. A burglary counts as a "violent felony" for purposes of § 924(e)(1), see 18 U.S.C. § 924(e)(2)(B)(ii), and Mr. Green was sentenced to imprisonment for the minimum term allowed under § 924(e)(1), fifteen years. This appeal followed.
 
 II
 
 5
 Although the four burglaries of which Mr. Green was convicted occurred on three separate dates, his pleas were entered in the same court (the Circuit Court of Jefferson County, Kentucky), at the same time, and under the same case number and caption. More significantly, Mr. Green received concurrent sentences. Kentucky's persistent felony offender statute provided that "[f]or the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one (1) conviction...." Ky.Rev.Stat. § 532.080(4). Mr. Green argues that under United States v. Manypenny, 451 U.S. 232 (1981), the district court was required to apply state law and treat the four burglary convictions as one. We do not read Manypenny as imposing any such requirement.
 
 
 6
 In Manypenny a federal officer was charged with the commission of a state crime. On motion of the officer under 28 U.S.C. § 1442(a)(1), the case was removed from the state trial court to a federal trial court. The federal court subsequently entered a judgment of acquittal. Under state law the state would have had the right to appeal such a judgment. The issue presented to the Supreme Court was whether, in a state criminal case that has been removed to federal court, a federal appellate court has jurisdiction under 28 U.S.C. § 1291 to entertain a state's appeal from a judgment of acquittal even though the federal government has no right of appeal in federal criminal cases.
 
 
 7
 The Court held that if an appeal is authorized by state law, a federal appellate court does have such jurisdiction. The Court reasoned that "restricting the availability of § 1291 in a criminal context flows from a tradition of requiring that a prosecutorial appeal be affirmatively sanctioned by the same sovereign that sponsors the prosecution." Id. at 249. Therefore, as long as the law of the state prosecuting the offense allows for an appeal from a judgment of acquittal, there is no jurisdictional bar to such an appeal. This holding obviously does not help Mr. Green, who has been sentenced by a federal court for a federal crime under a federal statute that requires the sentencing court to look at "previous convictions by any court" without regard to how such convictions might or might not be used in state sentencing proceedings.
 
 
 8
 Mr. Green's other assignments of error--that his sentence under the Armed Career Criminal Act violated the prohibition against double jeopardy and that his burglaries occurred within too short a time period to be considered separate offenses for the purposes of the Act--have no merit. United States v. Wallace, 889 F.2d 580, 584 (5th Cir.1989), cert. denied, 110 S.Ct. 3243 (1990) (rejecting double jeopardy argument); United States v. Roach, 958 F.2d 679, 684 (6th Cir.1992) (rejecting argument that three similar crimes within a short time frame constitute only one crime for Armed Career Criminal Act purposes).
 
 
 9
 AFFIRMED.