81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Eugene STUART, Defendant-Appellant.
 No. 95-5708.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stuart pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A probation officer prepared a presentence investigation report (PSR), and then met privately with the district judge to review the report. Neither the defendant nor the government was invited or allowed to attend this conference. After a sentencing hearing, the district court determined Stuart, who has been convicted of fourteen felonies since 1976, to be an armed career criminal under the Armed Career Criminal Act ("the ACCA"). 18 U.S.C. § 924(e), and accordingly enhanced his sentence to 185 months. Stuart appeals his sentence claiming that the district court deprived him of several constitutional rights by meeting alone with the probation officer. Moreover, he contends that the ACCA is unconstitutional. For the reasons set forth below, we AFFIRM the judgment of the district court.
 
 
 2
 Stuart's challenges present questions of law which we review de novo. United States v. Smith, 73 F.3d 1414, 1417 (6th Cir.1996). Stuart alleges that the meeting between the district judge and the probation officer deprived him of his right to counsel, his right to confront witnesses against him, and his right to due process of law. We will address each of these contentions in turn.
 
 
 3
 The Sixth Amendment guarantees criminal defendants the right to assistance of counsel "at every stage of a criminal proceeding where substantial rights of a [defendant] may be affected." Mempa v. Rhay, 389 U.S. 128, 134 (1967). Stuart contends that the district judge denied him that right when the judge met privately with the probation officer. In United States v. Story, 716 F.2d 1088 (6th Cir.1983), we rejected a similar challenge. In that case, we stated quite simply: "[I]t is not improper for the court to hold presentence conferences with the probation staff." Id. at 1090 (citing 18 U.S.C. § 3577 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.") and United States v. Hone, 456 F.2d 495, 497 (6th Cir.1972) (refusing to condemn "the District Court's policy of holding pre-sentence conferences with the probation staff.")).
 
 
 4
 Stuart argues that Story is no longer applicable because, he contends, the sentencing guidelines changed the role of the probation officer, such that probation officers may no longer communicate privately with the court without violating a defendant's right to counsel. We disagree. There is no reason why the advent of the sentencing guidelines should vitiate the precedential value of Story. Thus, we reject Stuart's contention that the district court deprived him of his right to counsel by meeting privately with the probation officer prior to sentencing.
 
 
 5
 Next, Stuart argues that this meeting violated his Sixth Amendment right to confront witnesses against him. In United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc), cert. denied, 507 U.S. 990 (1993), this court, sitting en banc, held that the right to confrontation does not apply to the sentencing process. Id. at 1510 ("[S]entencing does not mandate confrontation and cross-examination on information submitted to the court through the presentence reports and law enforcement sources."). We cannot now hold that the district court's actions in this case violated a right we previously held not to exist.
 
 
 6
 Stuart also maintains that the private meeting denied him due process of law. At the base of Stuart's argument is an assumption that probation officers will use such meetings to present to the court factual information regarding the defendant which is not included in the presentence report. Stuart asserts, citing Brady v. Maryland, 373 U.S. 83 (1963), that a defendant has a right of access to any information the district court considers in sentencing him, and that the court's practice provides a mechanism for the court and the probation officer to deprive the defendant of that right.
 
 
 7
 As the Fourth Circuit stated in response to a similar argument: "We will not presume that a probation officer will act improperly. Further, we rely upon the integrity of district court judges and trust their ability to disregard any attempt to impermissibly influence a sentencing decision." United States v. Johnson, 935 F.2d 47, 51 (4th Cir.), cert. denied, 502 U.S. 991 (1991). We reject Stuart's due process challenge.
 
 
 8
 Finally, Stuart contends that the ACCA is unconstitutional, alleging it (1) violates principles of due process and equal protection because it does not place age limitations on the prior convictions which a court may consider in applying the Act, (2) violates the Ex Post Facto Clause by allowing the consideration of convictions which occurred before its enactment, and (3) violates the Double Jeopardy Clause by mandating additional punishment for his present offense based on prior convictions for which he has already been punished. We will address each of these arguments in turn.
 
 
 9
 Stuart argues that the ACCA violates principles of due process and equal protection because, unlike the sentencing guidelines,[1] it does not limit courts to considering only prior felony convictions from within the previous fifteen years. Stuart asserts that we should read a fifteen-year restriction into the ACCA. We considered and rejected this argument in United States v. Moreno, 933 F.2d 362, 373 (6th Cir.), cert. denied, 502 U.S. 895 (1991), and we reject it again here.[2]
 
 
 10
 Next, Stuart argues that the ACCA violates the Ex Post Facto Clause of the constitution because it allows court's to consider prior violent felony convictions that occurred before the passage of the act on October 12, 1984. In United States v. Ykema, 887 F.2d 697 (6th Cir.1989), cert. denied, 493 U.S. 1062 (1990), we considered an ex post facto challenge to an enhancement under the sentencing guidelines and determined that such enhancements are constitutional "as are repeat offender laws, because the heavier penalty for the offense is not an additional punishment for the earlier behavior but is a statutorily authorized punishment for criminal conduct that has occurred after the passage of the law." Id. at 700. The same rationale applies to the ACCA.[3] United States v. Calloway, No. 92-4272, 1993 WL 386790 at * 2 (6th Cir. Sept. 30, 1993) (unpublished); see also United States v. Presley, 52 F.3d 64, 68 (4th Cir.) (rejecting an Ex Post Facto Clause challenge to the ACCA), cert. denied, 116 S.Ct. 237 (1995). Thus, we hold that the ACCA does not offend the Ex Post Facto Clause.
 
 
 11
 Lastly, Stuart argues that the ACCA violates the Double Jeopardy Clause. As the Eighth Circuit explained in United States v. Connor, 886 F.2d 984 (8th Cir.1989), cert. denied, 493 U.S. 1089 (1990), where it considered a challenge similar to this one:
 
 
 12
 The double jeopardy clause only protects against multiple punishments for the same offense. United States v. Dinitz, 424 U.S. 600, 606 (1976). [The defendant's prior violent felony convictions] resulted from charges brought ... for conduct arising out of unrelated incidents. The double jeopardy clause has no relevance to [the defendant's] enhanced federal sentence.
 
 
 13
 Id. at 985; see also United States v. Green, No. 91-6430, 1992 WL 205664 at * 2 (6th Cir. Aug. 24, 1992) (unpublished) (reaching the same conclusion); United States v. Wallace, 889 F.2d 580, 584 (5th Cir.1989) (same), cert. denied, 497 U.S. 1006 (1990). We agree with these cases, and therefore conclude that Stuart's final contention has no merit.
 
 
 14
 We AFFIRM the judgment of the district court.
 
 
 
 1 U.S.S.G. § 4A1.2(e)(1).
 
 
 [2]
 Moreover, we note that Stuart has been convicted of five violent felonies within the last fifteen years. J.A. at 86. Hence, even if we accepted his argument, we fail to see how it would make any difference in this case
 
 
 [3]
 Once again, we note that, even if we were to accept Stuart's argument, he would still qualify as an armed career criminal since his record reflects four convictions for violent felonies between 1984 and the commission of the current offense. J.A. at 86